GEORGE GEORGALIS & another *vs.* GEANOOULA GEAS.

Worcester.    September 25, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* In conduct of garage, Of bailee.    *Bailment.*

At the trial of an action of tort by the owner of a motor truck left in the defendant's garage for storage at a stipulated price and damaged when taken from the garage by the defendant's son, there was evidence that the son's taking the truck out was without authority from the plaintiff "or was due to the negligence of the defendant's agents in control of the . . . garage"; that the truck was in good condition when entrusted to the defendant; that it was found in a damaged condition on the day following the taking by the son; that the defendant's son had never before operated a truck of that make, that he had trouble in attempting to turn the truck, and that he "ground the gears." *Held,* that a finding was warranted that the truck was injured while being used by the defendant's son; and that the evidence required the submission of the case to the jury.

TORT for damage to a motor truck left by the plaintiffs in the defendant's garage. Writ dated October 30, 1924.

In the Superior Court, the action was tried before *Broadhurst,* J. Material evidence is stated in the opinion. There was a verdict for the plaintiffs in the sum of $235, recorded after leave reserved under G. L. c. 231, § 120. The judge thereafter ordered a verdict for the defendant and reported the action to this court on the terms stated in the opinion.

The case was submitted on briefs.

*M. F. O'Connell & W. L. Blake,* for the plaintiffs.

*S. M. Salny,* for the defendant.

CARROLL, J. This case is before us on a report from the Superior Court. The jury found for the plaintiffs in the sum of $235. The report stipulated: "if there was evidence

warranting a submission of this case to the jury on either count and a finding for the plaintiffs by the jury for more than nominal damage, then judgment is to be entered for the plaintiffs in the amount returned by the jury, with interest thereon, from March 12, 1928. If the evidence did not warrant the submission of the case to the jury on either count or if the plaintiffs were entitled to nominal damages only, then judgment is to be entered for the defendant on the verdict entered in accordance with the order of the court, under leave reserved."

The defendant operated a public garage. The plaintiffs left their auto truck in the defendant's garage for storage at a stipulated price. The truck was taken from the garage by the defendant's son, Charlie Geas, and one Spyropoulos, to move certain furniture to the defendant's premises. There was evidence, it was agreed, which would warrant the jury in finding "that the taking of this truck was unauthorized by the plaintiffs or was due to the negligence of the defendant's agents in control of the said garage." The truck was returned in about an hour after it had been taken by the defendant's son. On the following day it was found to be damaged. A witness testified that he saw Charlie Geas driving the truck; that he was trying to turn it at a street corner "and was having quite a bit of trouble"; that "he stalled his motor"; that the witness went to the driver's assistance and showed him the difference in the shifts; that after the driver was shown "how to shift" the witness noticed that he "ground the gears." There was evidence that, on the day following, it was found that the clutch drum and plates were burned and three gears in the transmission were chipped off. There was also evidence that the truck was placed in the defendant's garage three or four days before the defendant's son removed it; that it "was in very good condition" when the defendant received it from the plaintiffs. The evidence of the defendant tended to show that when his son returned the truck the gears were not stripped.

There was evidence for the jury that the truck was in good condition when entrusted to the defendant; that it was found in a damaged condition on the day following the taking by

the son; that the defendant's son had never before operated a truck of this make, that he had trouble in attempting to turn the truck, and that he "ground the gears." On this evidence a jury could have found that the truck was injured while used by the defendant's son. The evidence required the submission of the case to the jury. In *Hanna* v. *Shaw*, 244 Mass. 57, the plaintiff failed to sustain the burden of showing that the defendant was negligent. Here there was evidence of negligence in the taking of the car from the defendant's premises, and in the manner in which it was operated.

Judgment is to be entered for the plaintiffs in the sum of $235, with interest from March 12, 1928.

*So ordered.*