*Municipal Court of the*
*City of Boston*
No. T-12667
**DAVID A. KIDD**
v.
**FIRST FRANKLIN PARKING CORP.**
d/b/a **POST OFFICE SQUARE GARAGE**

Argued: Nov. 4 Decided: Nov. 8, 1966

*Present:* Adlow, C.J., Gillen, J., Morrissey, J.

Case tried to *Mottola, Sp. J.*

Adlow, C. J. Action of tort or contract to recover for damage to plaintiff's car while parked in defendant's garage.

*There was evidence that* on June 26, 1965 the plaintiff brought this car to the defendant's parking garage at about 3:00 p.m., paid for his parking ticket, and left the car with the key in the ignition. When he returned at 11:00 p.m. he could not find his car on the main floor where he had parked it. Instead he found it on the basement floor, with the front next to the wall. The basement was dimly lighted. He had trouble starting the motor vehicle, and after starting, it made noise. He drove the car from the basement up the ramp to the main floor. He then got out and observed that the entire front of the car was damaged, and the grille and radiator were pushed in. *The plaintiff further testified that* the car was in excellent condition, and that there was nothing wrong with the brakes, clutch, gas pedal, or steering mechanism prior to bringing the car into the garage on January 26, 1965. While the report states that the plaintiff was paid $800 for his damage by his collision insurance carrier, it appears that the evidence was excluded by the court. There was evidence that prior to January 26, the car had been involved in another accident and had some damage

to its front end, for which no evidence was offered as to the damaged parts or to the amount of damage in dollars and cents. There was no evidence of the amount of damages in dollars and cents, incurred by the plaintiff in the accident on which this claim is based.

There was evidence that an attendant in the garage had moved the car when it was blocking the door ramp. The attendant backed the vehicle up about twenty feet, then started to move the vehicle forward when the engine started racing. He applied the brake and as he did so noticed that the accelerator pedal had slipped under the brake pedal, so that as he depressed the brake pedal, he depressed the accelerator. The car went out of control and hit another vehicle.

While the court ruled that the evidence warranted a finding for the plaintiff it refused to rule that the evidence required such a finding.

The court is limited in its determinations of fact by the evidence in the case and the inferences reasonably to be derived from such evidence.

In this cause the plaintiff had two responsibilities and the burden was on him to meet both. First, he had to prove that the car was in a collision by reason of the negligence of the defendant's agents in handling the car while in its custody. The defendant's witnesses explained the mishap with evidence of a defective accelerator. While we concede that on the

evidence the court could have found the defendant's agents negligent, the evidence did not require it. A careful driver, unaware of a defect in an accelerator, can become involved in an accident without any fault on his part.

Assuming the court found liability, there was no evidence identifying the damage to the car with the accident in issue. There was evidence that the front end of the car had been damaged in another accident. There may have been damage caused to the car while it was in the defendant's control, but it was the duty of the plaintiff to prove what it was.

 The mention of the amount paid by the collision insurance carrier must be ignored. It was excluded by the court and should not have been mentioned in the report. It does not supply a vital element in the proof of an action for damages. Had the court found liability, the most it could have awarded the plaintiff on this state of the evidence would have been nominal damages. Apparently it did not even find liability.

**Report dismissed.**

AVERY, DOOLEY, POST & CARROLL, *of Boston*
 *for the Plaintiff* cited: *Soutier* v. *Kaplow,* 330 Mass. 448, 450; *Butler* v. *Bowdoin Sq. Garage, Inc.,* 329 Mass. 28 & 30; *Greenberg* v. *Shoppers' Garage, Inc.,* 329 Mass. 31, 35; *Sandler* v. *Comm. Station Co.,* 307 Mass. 470, 471; *Georgalis* v. *Geas,* 265 Mass. 8.

DONALD J. MACRAE, of Boston
 *for the Defendant*