EZRA A. STEVENS vs. STEWART-WARNER SPEEDOMETER COR-
PORATION.

Suffolk.    November 18, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Of bailee for hire.    *Bailment,* Duty of bailee for hire.    *Subrogation.*
*Practice, Civil,* New trial.    *Evidence,* Cross-examination to show bias.    *Wit-*
*ness,* Cross-examination.

In an action against a speedometer maker for damage to the plaintiff's automobile
    caused by the defendant negligently permitting it to be stolen when it had been
    entrusted to him to have its speedometer repaired, there was evidence that the
    defendant occupied for his business the first floor of a building which he used as
    a store and office and a basement under it which he used as a repair shop and
    that this basement opened upon an alleyway back of the building, that speed-
    ometers attached to cars from day to day were repaired by the defendant in
    the alleyway, that the plaintiff left his car in the alleyway to have the speed-
    ometer repaired with the acquiescence of a man who ordinarily looked after
    the cars for the defendant and who agreed to have the plaintiff's car ready
    for him when he returned, and that when the plaintiff returned he found that
    his car had been stolen.    Later the automobile was found abandoned in a badly
    damaged condition.    *Held,* that the plaintiff was entitled to go to the jury, as it
    could be found on the evidence that the defendant had accepted the custody of
    the car as a bailee for hire and was bound to exercise due care for its safety and
    protection.
In the case stated above, it further appeared that an insurance company had
    paid to the plaintiff the amount of the loss he had sustained by reason of the
    theft of his car, and it was *held,* that the insurance company was subrogated to
    the rights of the plaintiff against the defendant and was entitled to maintain
    the action in the plaintiff's name.
In the same case a witness, who had seen the automobile after it had been recov-
    ered in its damaged condition, testified for the plaintiff that its value then was
    about $100.    The defendant's counsel on cross-examination asked this witness
    for whom he was working, and stated that he expected the answer to be that he
    was working for the insurance company for whose benefit the action was brought.
    He also asked the witness whether he was acting for the insurance agents repre-
    senting that insurance company, and stated that he expected an answer in the
    affirmative.    The judge excluded the questions.    *Held,* that the questions were
    competent as calling for evidence tending to show bias on the part of the wit-
    ness, and that exceptions to their exclusion must be sustained.
In the same case this court, in sustaining exceptions relating only to the question
    of the amount of damages and finding no error in the trial of the issues relating
    to the defendant's liability, ordered that the new trial should be limited to the
    issue of damages.

CROSBY, J.  This is an action for damages to an automobile caused by the alleged negligence of the defendant.  The declaration is in three counts, the first two being in tort and the third in contract.  The defendant was engaged in the manufacture and sale of speedometers and had a place of business on Columbus Avenue in Boston, which consisted of the first floor and basement of a building fronting on that avenue.  The first floor it used as a store and office, and the basement it used as a repair shop.  The basement at the rear opened on an alleyway which extended along the rear of various buildings that fronted on Columbus Avenue.

The plaintiff introduced evidence tending to show that on July 22, 1913, he took his automobile to the defendant's place of business, found the man in charge and called his attention to the speedometer and to the fact that it was not working properly; that the man asked the plaintiff whether he was going to leave the automobile, and that the plaintiff said he was; that afterwards he returned and found a ticket on the car and went upstairs to the office and paid for the repairs and took the car away.  The plaintiff testified that two days later he returned with his car into the alley and told a man whom he had seen about the defendant's premises two days before, that the speedometer was still out of order, "that the man looked at it and said, 'Are you going to leave it?' that the plaintiff said, 'Yes, I am going to leave it, and I will be back at half past one;' that the man said, 'All right, I will have it ready.'"  The plaintiff testified that he took the switch key out of the car so that no one would be able to run it and went away and returned about half past one o'clock and found that the car was not in the alley.  He further testified "that the man said, 'Ordinarily I look after the cars but to-day I had to go to the dentist's.'"  There was evidence to show that speedometers attached to cars from day to day were repaired in the alley by the defendant.

The defendant introduced evidence tending to show that its employees were instructed that all cars were left in the alley at the owner's risk and that such was a rule of the defendant.  About a month after the automobile was left in the alley it was found in a badly damaged condition.  The jury found for the plaintiff and assessed damages in the sum of $200.

We are of opinion that it could not have been ruled that the

plaintiff could not recover.* There was evidence from which it could have been found that the automobile was left in the custody of the defendant, and, if the jury so found, the defendant was liable as a bailee for hire and as such it was required to exercise due care to protect the bailment from being lost or damaged; that is, the defendant as such bailee in the performance of its duty was required to exercise the care of a reasonable man under the circumstances. *Cass* v. *Boston & Lowell Railroad,* 14 Allen, 448. *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, 403. The liability of the defendant as a bailee for hire is not affected by reason of the knowledge of the owner as to the manner in which, or the place where, the property was kept. Its acceptance by the defendant imposed upon it due care for its safety and protection. *Hecht* v. *Boston Wharf Co. supra.*

The evidence warranted a finding that the defendant assumed custody and control of the car and thereafter allowed it to remain in the alley without using any precautions whatever to protect it from being stolen. It could have been found that the theft of the car was the natural and probable result of the negligence of the defendant. *Murray* v. *International Steamship Co.* 170 Mass. 166. *Willett* v. *Rich,* 142 Mass. 356. *Lane* v. *Atlantic Works,* 111 Mass. 136.

If the Federal Insurance Company has paid the plaintiff for the loss which he had sustained by reason of the theft of the car, it was subrogated to the rights of the plaintiff and is entitled to maintain this action against the defendant in the name of the plaintiff if the jury were satisfied that the car was left in the defendant's custody and was damaged by reason of its negligence. *Hart* v. *Western Railroad,* 13 Met. 99. *Wall* v. *Mason,* 102 Mass. 313, 316. *Clark* v. *Wilson,* 103 Mass. 219. *Jackson Co.* v. *Boylston Mutual Ins. Co.* 139 Mass. 508. *McCauley* v. *Norcross,* 155 Mass. 584. *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15, 27. *Murray* v. *Boston Ice Co.* 180 Mass. 165. *Cambridge* v. *Hanscom,* 186 Mass. 54. *Horan* v. *Watertown,* 217 Mass. 185, 186.

The plaintiff called as a witness one Adams who testified that he saw the automobile after it had been recovered and while it was in a damaged condition, and that its value then was about

---

* The defendant's request to make this ruling was refused by *Fox, J.,* before whom the case was tried.

$100. On cross-examination he was asked, "Who were you working for?" This question was excluded and the defendant excepted. The defendant's counsel stated that he expected the answer would be "The Federal Insurance Company who insured the car against theft." On cross-examination this witness also was asked by the defendant's counsel, in substance, whether he was acting for Hinckley and Woods, insurance agents, when he sold the car. This question was excluded and the defendant excepted. The counsel for the defendant stated that he expected the answer would be "Hinckley and Woods, agents for the Federal Insurance Company."

We are of opinion that these questions were competent as bearing upon the weight to be given to the testimony of the witness upon his direct examination. If he was in the employ of the insurance company for whose benefit this action was brought, such evidence might have a tendency to show bias and should have been admitted.

We are of opinion that because of the exclusion of this evidence the exceptions must be sustained. We do not find any other error in the admission or exclusion of evidence or in the refusal to give the instructions requested by the defendant. The charge correctly presented the issues to the jury and the exceptions to it cannot be sustained. Let the entry be

> *Exceptions sustained.*
> *New trial limited to damages.*

*S. D. Elmore,* for the defendant.
*R. Homans,* (*A. G. Grant* with him,) for the plaintiff.

