FRANK C. HAYES *vs.* MAYKEL AUTOMOBILE COMPANY.

Worcester. September 30, 1919. — November 28, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Bailment. Motor Vehicle. Garage. Practice, Civil,* Requests and rulings.

At the trial of an action of contract or tort by the owner of a motor car against the proprietor of a garage where thirty cars were kept, there was evidence tending to show that the plaintiff placed his car with the defendant under a contract of "live storage;" that the defendant kept the book required by St. 1909, c. 534, § 28, for recording the coming in and going out of motor vehicles; that in the morning of November 30 a person acting for the plaintiff procured his car from the garage and a record was made, and that there was no further record made in the garage book as to the plaintiff's car; that the plaintiff himself returned the car the evening of November 30, that two days later in the evening he himself took the car out and, at about 8:30 o'clock in the same evening, himself returned it, placed it in its accustomed place and, leaving, shut but did not lock the garage door, and that on this last occasion he saw no one in charge of the garage; that the car never was seen again, and that the defendant employed men to care for the garage and the cars. *Held,* that it could not be ruled as a matter of law that there was no evidence of negligence of the defendant.

In the action above described it was *held,* that, if the defendant's employees, without the entry being made in the record book as required by the statute, permitted the plaintiff's car to leave the garage after it was returned to the defendant's control by the plaintiff, this circumstance might be considered by the jury as bearing on the lack of proper diligence in the care and custody of the bailment.

It also was *held* that, if the jury found that the employee of the defendant in charge of the garage, whose duty it was to protect the plaintiff's car, was not present and the car was taken away without his knowledge, such facts could be found to constitute negligence for which the defendant was liable.

Requests by the defendant in the above entitled action for rulings, that there was no evidence "that any employee stole the car," or "that the defendant stole

the car," properly may be denied, where it does not appear that the plaintiff contended that the car was stolen by the defendant or its employees.

It was proper, at the trial of the action above described, to refuse to rule that "the law requires that the owner of an automobile driving into a garage or taking a car out shall make a record under" St. 1909, c. 534, § 28, because the entry in the record book, when the car is not "operated or run into or out of a garage" by a chauffeur, is to be made by the proprietor or person in control of the garage, and not by the owner of the car when he is operating it.

At the trial of the action above described, the defendant asked the judge to rule, "The omission to make a record of the coming in or the going out of the car on Sunday night is not evidence of negligence on the part of the defendant." The ruling was refused. The jury were fully instructed on the question of negligence of the defendant and the responsibility of keeping the record and no exception was taken to the charge. *Held*, that, so far as the omission referred to in the requested ruling was to the making of records when the plaintiff himself took his car out and returned it, the ruling was immaterial and its refusal was not reversible error; and, so far as that omission referred to the occasion when the car was wrongfully taken from the garage after the plaintiff had returned it, the ruling rightly was refused.

TORT OR CONTRACT with a declaration in two counts. In the first count it was alleged that the defendant agreed to store the plaintiff's motor vehicle and diligently to watch, guard and protect it whenever it was left in the care of the defendant at its garage in Worcester; that employees of the defendant entrusted with that duty failed to perform it, "in consequence whereof the automobile of the plaintiff was taken from the garage of the defendant by a person other than the plaintiff and stolen, so that the plaintiff lost the same." In the second count negligence on the part of the defendant's employees was alleged "in consequence whereof a person other than the plaintiff was permitted to take said automobile and its accessories from said garage and steal the same." Writ dated January 16, 1918.

In the Superior Court the action was tried before *Keating*, J. The material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. There is no evidence that any employee stole the car.

"2. There is no evidence that the defendant stole the car.

"3. The omission to make a record of the coming in or the going out of the car on Sunday night is not evidence of negligence on the part of the defendant.

"4. The law requires that an owner of an automobile driving into a garage or taking a car out shall make a record under § 28 of the act introduced in this case."

"6. There is no evidence of any negligence on the part of the defendant."

The rulings were refused. Material portions of the charge of the judge to the jury were as follows:

"It is incumbent upon the plaintiff to prove that he left that car there on the second day of December, and that neither he nor any one having authority from him took that car after that. . . .

"The duty that the defendant owed the plaintiff was such duty as a bailee for hire owes. For this automobile was left in the garage by the plaintiff to be looked after by the defendant, that is to say, to be stored in its garage and the plaintiff was to pay therefor five dollars a month. And the duty that such a bailee owed to the party who leaves his automobile in his custody is to have exercised reasonable care in looking after the automobile, and I mean in looking after it to this extent to protect it against theft or loss.

"In determining that question you will consider all the circumstances testified to in this case, the size of the garage, the number of cars kept there in the part of the garage wherein this was kept, and the provision that the defendant made for looking after the cars, the supervision that the defendant provided for and the method adopted by the defendant not only in the daytime but at night in looking after the car. All the circumstances will be taken into account by you in determining this question.

"A statute has been introduced in evidence and read to you, a part of which provided that where a car is entering or leaving a garage the fact that it enters or leaves shall be entered in a book kept by the owner of the garage or his employees, and except in the case of chauffeurs, the entry showing when the cars leave or enter the garage shall be made by the owner of the garage or his employees. And the statute provides the responsibility for keeping that book properly shall rest with the owner of the garage or his employees.

"Now the contention of the plaintiff is that the defendant violated that statute, that some one took that car from the garage after December 1, 1917, and no entry was made of the taking of the car by the defendant or any employee of the defendant. If you find that to be so that would be a violation of that statute, and as such would be evidence of negligence. It wouldn't be conclusive, but it would be evidence for you to consider in connection with

other circumstances tending to show whether or not the defend-
ant was negligent, and whether or not the defendant used reason-
able care in protecting the automobile against theft or loss. And if
you find that the defendant or its employee violated that statute,
it is for you to say what weight is to be given to that circumstance.
You have heard the argument advanced by the counsel for the
plaintiff in respect to the significance which should be attached
to the failure on the part of the defendant or its employee to make
such an entry in the book kept by the garage, but it will be for
you to decide in the first place whether the defendant or its em-
ployee has violated that statute, and in the second place if the
defendant or its employee has violated it what the significance
of that violation is, considering the question to be decided in this
case. What weight, in other words, such a violation if you find
there was such should have in your judgment in determining
the question whether or not the defendant exercised reasonable
care in protecting the car against theft or loss. The counsel for
the defendant has argued that the plaintiff was familiar with the
automobile laws and that if he brought that car there on the 2nd
of December, he ought to have either entered or caused to be
entered the fact in the book, and the counsel for the defendant
has argued that his failure to do so ought to lead you to say that
he really did not bring the car in on the 2nd of December. And
it is a matter for you to take into account when you are trying
to satisfy yourself whether the plaintiff did come there on the
2nd of December and got the car and afterwards returned it to
the garage."

No exception was saved to the charge and no objection to any
part of the charge was expressed to the trial judge.

There was a verdict for the plaintiff in the sum of $322; and the
defendant alleged exceptions.

Material portions of St. 1909, c. 534, § 28, are as follows:
"Every person operating or running a motor vehicle into or out of
a garage, or into or out of a stable, shop or place of business of a
manufacturer or dealer, shall enter or cause to be entered in said
book, in the columns under the proper headings, the date and time
of entering and leaving, the register number and letter, if any,
of the motor vehicle, and the full name of the operator or chauffeur.
In the case of motor vehicles operated or run into or out of a

garage by others than chauffeurs, the record shall be kept by the owner, proprietor or person in control of the garage, or by some employee or employees specially designated for this duty, and the said owner, proprietor or person in control of such garage, shall be responsible for the proper keeping of said record."

*C. E. Tupper,* (*G. H. Richardson* with him,) for the defendant.

*E. T. Esty,* for the plaintiff.

CARROLL, J. This is an action to recover for the loss of an automobile stored in the defendant's garage under a contract of "live storage," so called. About thirty cars of customers were in the defendant's care. A book required by St. 1909, c. 534, § 28, was kept for recording the coming in and going out of motor vehicles. On the morning of November 30, 1917, one Clark at the plaintiff's request drove the car from the garage and an entry was made in the book showing the time of its departure. The plaintiff testified that he returned the automobile that evening about six o'clock, no record being made at the time; that on Sunday night, December 2, about half past seven o'clock, he took the car from the basement where it was kept and in about an hour drove it back, placed it in its accustomed place, and, on leaving the garage, shut the door without locking it; that he saw no one in charge of the garage at the time and no entry was made of the departure or return of the car; that this was the last time he saw it and its loss was discovered December 4, 1917. He further testified that he had a switch key to switch the current on or off, but no locking device. The defendant's president testified that he had no knowledge that the plaintiff took the car out or brought it back; that a man was employed continuously from half past six o'clock in the morning to half past six o'clock in the evening and another from half past six o'clock in the evening to half past six o'clock in the morning to care for the live storage on both floors; that it was a part of these employees' duties to sell supplies, to see that cars were taken out only by the owners or by their authority, and to take care of the stored cars; that, leading from the basement, was an incline and the noise from a car in passing up this incline would be heard all over the building; that there was a door from the basement and one from the first floor, opening on the street, and the men in charge were instructed to keep the doors in the basement locked. An employee in charge of the first floor

and basement from half past six o'clock in the morning to half past six o'clock in the evening, testified that he had no knowledge that the car was returned after the morning of November 30, 1917, when it was taken from the garage by Clark.  Attention was called to St. 1909, c. 534, § 28.  The defendant's motion for a directed verdict was denied.  The jury found for the plaintiff.

1. On the facts presented the court could not rule there was no evidence of the defendant's negligence.  If the jury believed the testimony of the plaintiff, the automobile was left in the defendant's garage on the night of December 2, and it was then in the defendant's care and custody.  The automobile could not be started and driven away from its stall in the basement and up the incline without being heard, and if the employee in charge of the building neither heard nor observed it when taken away, the jury could find he was negligent.  Although the defendant's employees were instructed to keep the basement doors locked, there was evidence for the jury that on December 2, when the plaintiff left the garage with his automobile and when he returned the door was open; and that no employee of the defendant in charge of the property, was seen by the plaintiff at either time.  In addition to this, St. 1909, c. 534, § 28, required a record to be kept by the owner, proprietor or person in control of a garage where five or more motor vehicles are stored or housed for pay, of every automobile which enters or leaves the garage.  If the agents of the defendant permitted the plaintiff's property to leave the garage after it was returned to the defendant's control on December 2, without the entry in the record book as required by the statute, the jury could consider this circumstance as bearing on the lack of proper diligence in the care and custody of the bailment.  And if the employee in charge, whose duty it was to protect the plaintiff's property, was not present and the automobile was taken away without his knowledge, this also could be found to constitute a failure to exercise that degree of care and diligence which was reasonably to be expected of the defendant, considering the nature of the bailment, the place where it was left, and all the facts and circumstances shown in evidence.

2. The defendant asked the judge to rule there was no evidence that the defendant or any of its employees stole the car.  The judge was not required to give these requests.  The record does not dis-

close that the plaintiff contended that the car was stolen by the defendant or its employees. The plaintiff complained of the loss of his car, he did not complain that it was stolen by the defendant or its employees. There was no occasion, therefore, to give either the first or second requests. *Lindsey* v. *Leighton,* 150 Mass. 285.

3. The defendant asked for this instruction: "The law requires that an owner of an automobile driving into a garage or taking a car out shall make a record under § 28 of the act introduced in this case." The defendant was called on to keep in a book provided for the purpose, a record showing the date, time of entering and leaving, register number and letter, if any, with the name of the operator or chauffeur of every motor vehicle leaving or entering the garage. By § 1 of the statute "chauffeur" is defined, with exceptions not material to the case, to be "any person who operates a motor vehicle other than his own and who directly or indirectly receives pay or any compensation whatsoever for any work or services in connection with motor vehicles." Whatever may be the duty of an operator of an automobile, other than a chauffeur, to cause the entry to be made, the entry in the record when the car is not "operated or run into or out of a garage" by a chauffeur, is to be made by the proprietor or person in control of the garage, or by some person specially designated for this duty, and not by the owner of the car when he is operating it. Responsibility for making the entries in all cases except when the car is in the control of a chauffeur, is upon the proprietor of the garage, and he is responsible for the keeping of the record; the request that the owner of the automobile when operated by himself was required to make the record, was refused rightly.

4. The evidence was admitted without objection that no record was made when the car was taken out and returned on Sunday, December 2. The defendant asked for the instruction: "The omission to make a record of the coming in or the going out of the car on Sunday night is not evidence of negligence on the part of the defendant." Assuming that this request refers to the going out and coming in of the car while in the plaintiff's control, it was not reversible error to refuse it. The question before the jury was the negligence of the defendant in permitting the car to leave the garage, or in neglecting to prevent its departure after half past

eight o'clock Sunday, December 2, when the plaintiff testified he left the car in its proper place in the basement. The defendant's negligence previous to this time was not material; and the failure to make the entry when the car was taken out and returned by the plaintiff on Sunday evening, had no bearing on the defendant's negligence in the subsequent loss of the automobile. The jury were fully instructed on the question of the defendant's negligence and the responsibility of keeping the record, to which no exception was taken. Apparently counsel for the defendant argued to the jury that the plaintiff was familiar with the automobile laws and if he brought the car to the garage on December 2, he should have entered that fact or caused it to be entered on the book; and therefore, that the plaintiff's failure to do this was evidence that he did not in fact return the car on December 2. The judge left this matter to the jury to consider in passing on the question whether the plaintiff did in fact return the car on that date. While the omission to make the record on December 2, when the automobile was in the control of the plaintiff, was not material to establish the defendant's negligence, in view of the instructions given on the failure to make the record when the automobile was finally taken away without the consent of the plaintiff, there was no reversible error in refusing this request.

*Exceptions overruled.*