DANIEL F. DOHERTY *vs.* EDWARD ERNST.

Hampden.    September 21, 1933. — October 31, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Bailment.    Negligence,* Of proprietor of parking space.

A parking space at the corner of two streets had fences on the sides not
abutting on the streets and was level with the sidewalks on the other
two sides except for driveways to one of the streets, both sidewalks
having a curbing five to six inches in height.   The proprietor of the
space did not give checks to his patrons for the automobiles parked
in the space.   He sold gasoline, oil and tires thereon and watched over
the parked automobiles, moving them when occasion required and
taking charge of the keys of those which he moved.   The owner of an
automobile, in the presence of the proprietor, left it in the space with
the key in the lock so that it might be moved, and paid the proprietor
twenty-five cents, the sum which he usually charged for parking.
*Held,* that the proprietor was a bailee for hire of the automobile.
The proprietor above mentioned, as a bailee for hire, owed a duty to
the owner of the automobile to exercise reasonable care in order to
return it to its owner in as good condition as it was when he received it.
Evidence, that the proprietor above mentioned did not remove the key
from the lock of the automobile and that, five minutes after the
automobile had been left in the parking space, the proprietor saw a
stranger drive it from the place where it had been parked across the
curbing to the street and did nothing to prevent its removal, war-
ranted findings that the proprietor was negligent and that such re-
moval of the automobile was the natural result of his negligence.
It appearing, in an action of tort by the owner of such automobile
against the proprietor, that the automobile later was found aban-
doned and damaged, a finding for the plaintiff for the amount of
the damage was warranted.

TORT.   Writ in the District Court of Springfield dated.
December 31, 1932.

The action was heard in the District Court by *Davis, J.*
Material evidence, findings by the judge and rulings re-
quested by the defendant and refused are described in the
opinion.   There was a finding for the plaintiff in the sum
of $184.25.   A report to the Appellate Division for the
Western District was ordered dismissed.   The defendant
appealed.

The case was submitted on briefs.

*R. D. Mallary & M. P. Gilbert,* for the defendant.

*R. C. Jandreau,* for the plaintiff.

CROSBY, J.  This is an action of tort whereby the plaintiff seeks to recover damages to his automobile, alleged to have been sustained through the negligence of the defendant in his capacity as an alleged bailee for hire.

There was evidence tending to show that the defendant operated a parking space for automobiles at the southeast corner of Railroad Avenue and Columbus Avenue in Springfield; that the sides of the lot not on a street were fenced so that an automobile could not be driven out; that the sides fronting the respective streets were level with the sidewalk; that for exits there were two driveways on the west or Columbus Avenue side of the lot, and in all other places there was a curbing five to six inches in height between the sidewalk and the street; that at about eight o'clock in the evening of September 15, 1931, the plaintiff parked his automobile on the defendant's lot intending to leave it for safe keeping while he and his wife attended a theatre; that he paid the defendant twenty-five cents which was the usual amount charged for parking, and left the automobile on the lot in the presence of the defendant; that the defendant did not give checks to his parking space patrons; that he sold gasoline, oil and tires at his parking space and when not thus engaged watched over the automobiles that were parked, moved them to different places on his lot when occasion required, and took charge of the keys of those he moved; that sometimes he asked patrons to leave their keys with him when he thought it might be necessary to move their automobiles to let others out; that the plaintiff left his key in its lock so that the defendant might move the automobile if he desired to do so, but at the place where it was parked it did not appear that there would be any occasion to move it; that the defendant saw the key when the plaintiff left the parking space, but he did not remove it; that the parking space was flood lighted; that five minutes after the plaintiff left his automobile the defendant saw a stranger drive it from the place where it was parked.

across the curbing and away, and did nothing to prevent its removal; that when the plaintiff returned for his automobile and found it was not at the parking space, he inquired as to what had become of it, and the defendant told him some one had taken it five minutes after he had left it; that he asked the plaintiff why he had not locked it and the plaintiff replied that he did not do so because he left it in the parking space for safe keeping; that the police later found the automobile abandoned and in a badly damaged condition. Damages were assessed by the judge.

At the conclusion of the evidence the defendant made nine requests for rulings, all of which were granted except the second, third, fourth and ninth. The second and ninth were as follows: 2. Upon the law and all the evidence there is no evidence that the defendant was a bailee for hire. 9. Upon the law and all the evidence there is no evidence of negligence of the defendant. These requests were denied on the ground stated by the judge that he found to the contrary. The third and fourth requests were as follows: 3. The obligations of the defendant with respect to the plaintiff's car were not greater than the terms of the invitation extended by the defendant to the plaintiff. 4. Upon the law and all the evidence the invitation extended by the defendant to the plaintiff did not go beyond permission to come upon the land and to leave a car in the space as it stood. These requests were refused on the ground that they were inapplicable in view of the finding of the judge. The judge specifically found "that the defendant was a bailee for hire; that he was negligent in failing to prevent the removal of the plaintiff's automobile from his parking space by a stranger; and that the plaintiff was in the exercise of due care." These findings were followed by the recital "which findings of fact were supported by the evidence presented at the trial." The judge found for the plaintiff. The defendant claimed a report to the Appellate Division which found that there was no prejudicial error and ordered the report dismissed. From that order the defendant appealed to this court.

The facts found by the trial judge, that the plaintiff

parked his automobile on the defendant's lot and paid him twenty-five cents, the usual amount charged by the defendant for such parking, constituted the defendant a bailee for hire as he thereby took the automobile into his care and custody for a compensation. The nature or amount of the compensation received was immaterial as the law will not undertake to determine the adequacy of the consideration. *Newhall* v. *Paige*, 10 Gray, 366. The defendant, having become a bailee for hire, was bound in the circumstances disclosed to exercise due care in order to return the automobile to the owner in as good condition as when received. *Hayes* v. *Maykel Automobile Co.* 234 Mass. 198. *Hanna* v. *Shaw*, 244 Mass. 57. *Guttentag* v. *Huntley*, 245 Mass. 212. The decisions in *Ex parte Mobile Light & Railroad Co.* 211 Ala. 525, *Lord* v. *Oklahoma State Fair Association*, 95 Okla. 294, and *Suits* v. *Electric Park Amusement Co.* 213 Mo. App. 275, rest upon different facts from those appearing in the present case. It follows that the defendant's second request was rightly denied. The third and fourth requests being inapplicable to the facts found could not properly have been given. It remains to consider the defendant's ninth request, that there is no evidence of negligence of the defendant. The finding that five minutes after the plaintiff parked his automobile the defendant saw a stranger drive it over the curbing, which was five or six inches high, to the street, instead of leaving by either of the two driveways, and made no attempt to stop him, well warranted a finding of negligence. It follows that the defendant's ninth request could not properly have been granted. It could have been found that the theft of the automobile was the natural result of the negligence of the defendant. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46. The cases of *Fielding* v. *S. Z. Poli Realty Co.* 274 Mass. 20, *Teall* v. *Harlow*, 275 Mass. 448, and other cases cited by the defendant are not applicable to the facts found in the case at bar.

*Order dismissing report affirmed.*