Pbttingell, J.
Action of contract or tort to recover for damage to the plaintiff’s automobile which had been delivered to the defendant’s garage for storage and was taiken therefrom by some unauthorized person, who subsequently abandoned it in a damaged condition. The storage was for hire.
The trial judge found as fact that “the defendant delivered the car to someone without authority from the plaintiff”, and found as a fact that the defendant was negligent.
The error alleged is the denial of the following requests for rulings;
*397 “1. The evidence warrants a finding for the defendant.
“2. There is insufficient evidence to warrant a finding for the plaintiff. . . .
“4. The evidence does not warrant a finding that the plaintiff’s car was stolen as a result of the negligence of the defendant’s agents or servants.
“6. The evidence does not warrant a finding that the damage to the plaintiff’s car was due to- the negligence of the defendant’s agents or servants.”
The trial judge stated that he denied the foregoing requests “because I find as a fact that the defendant, a bailee for hire, delivered the plaintiff’s car to some person who was not authorized to receive it and such delivery was negligence.”
The defendant, as a bailee for hire, could be found liable to the plaintiff for conversion of the automobile if it delivered it to an unauthorized person. Doyle v. Peerless Motor Car Co., 226 Mass. 561, at 567-570. Blaisdell v. Hersum Co. Inc., 233 Mass. 91, at 95. Guttentag v. Huntley, 245 Mass. 212, at 215. Rourke v. Cadillac Automobile Co., 268 Mass. 7, at 8, 9. D. A. Schulte, Inc. v. North Terminal Garage, 291 Mass. 251, at 256, 257.
Such a bailee is liable, also, if, through its negligence or that of its servants or agents, some unauthorized person was enabled to remove the automobile from the defendant’s garage and damage it. Stevens v. Stewart-Warner Speedometer Corp., 223 Mass. 44, at 46. Hayes v. Merkel Automobile Co., 234 Mass. 198, at 203. Rogers v. Murch, 253 Mass. 467, at 471, 472. Georgalis v. Geas, 265 Mass. 8, at 9, 10. Doherty v. Ernst, 284 Mass. 341, at 343, 344.
The facts which warrant a finding of conversion may also constitute proof of negligence. D. A. Schulte, Inc. v. North Terminal Garage, 291 Mass. 251, at 256.
The defendant’s main contention is that there is no evidence which will support the finding of the trial judge that the defendant delivered the automobile to an unauthorized person.
*398 There was evidence that the plaintiff used the car on June 6; that he returned it to the garage that evening; that, after the return of the car, no one had authority to take it out; and that the defendant was not authorized to deliver it to any one. The plaintiff then introduced in evidence several answers, made by the defendant to interrogatories, from which it appears that the car was returned to the defendant’s garage June 6, and that it was discovered to be missing June 8. Among these interrogatories and answers was the following:
“Q. Was the plaintiff’s motor vehicle delivered to anyone by the defendant its officers, agents or servants, during the period from June 6, 1937 to June 13, 1937?
A. Yes.”
The defendant contends that this question and answer is not evidence of a delivery after June 6; that as the plaintiff had the car' on June 6, the answer must be taken as referring to the delivery to him of the car on that day. The established rule, however, is that, in computing time “from” a day stated, that day is not included. The term of a lease “from the first day of July” begins on the second day of July, Atkins v. Sleeper, 7 Allen 487. The day of the date of a promissory note is excluded in computing the six years for the rmming of the statute of limitations. Seward v. Hayden, 150 Mass. 158. See, also, Bemis v. Leonard, 118 Mass. 502, at 506. Laine v. Aarnio, 265 Mass. 374, at 375.
This legal conclusion is in accordance with the ordinary meaning usually attached to the words used. The trial judge was warranted in interpreting the defendant’s answer to mean that the automobile was delivered to some person after June 6.
We are strongly of opinion that, there being evidence that no one had authority after June 6 to take the car out, the answer of the defendant to the interrogatory definitely *399 established the fact that there was an unauthorized delivery of the automobile, after June 6, to some one not authorized to receive it.
We are also of the opinion that there was evidence of the defendant’s negligence. Its garage had doors electrically opened from the inside, any car going from the garage could be seen from the defendant’s office, and employees were detailed to watch the doors and the cars.
In a case dealing with food, the Supreme Judicial Court said:
“The statement of the defendant as to the manner the spinach is handled in the factory before it is placed in sealed cans for sale and distribution for human consumption did not establish that it was impossible that the glass was in the can when it was sealed, but only that it was not feasible if proper care was used and the servants of the defendant were not negligent in working out the system. The fact that the glass got into the can during the preparation of the spinach and before the can was sealed, notwithstanding the great care which was customarily used in canning spinach, was a circumstance which warranted an inference that some person whose duty it was to see that the system was observed was negligent in the examination of the contents of the can before it was sealed, if not negligent in preventing the presence of glass at a place where it could be put or might fall into the can.” Richenbacker v. California Packing Corp., 250 Mass. 198, at 202, 203.
The logic which underlies the reasoning of the court in that case applies equally well in this case. If a perfect system is provided to prevent a particular happening and, nevertheless, the thing guarded against does occur, it is inferable that the failure of the perfect system to function was due to the failure of the human element to operate it as planned; in other words, there was negligence. In the ease cited, the glass could get in the can only through the negli *400 gence of some one; in the case at bar, the plaintiff’s car could have been taken out of the defendant’s garage only if some one of its employees was negligent. 'Some one had to open an electrically operated door in plain sight of the defendant’s office and of employees detailed to watch the doors. An inference that some one of the defendant’s employees was negligent was warranted. Hayes v. Merkel Automobile Co., 234 Mass. 198, at 203. Doherty v. Ernst, 284 Mass. 341, at 343, 344.
There being evidence to warrant a finding of an unauthorized delivery of the plaintiff’s car, and a finding that the defendant’s employees were negligent, the rulings requested by the defendant were rendered immaterial by the findings specifically made by the trial judge. There was no error in their denial. The report is to be dismissed.