PHILIP SANDLER *vs.* COMMONWEALTH STATION Co.

Suffolk.     October 11, 1940. — November 27, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Bailment. Negligence,* Bailee, Parking space, Contractual limitation of
liability. *Proximate Cause. Contract,* Of bailment, Limiting liability.

Evidence that, when the owner of an automobile left it with the attend-
ant at a public parking station and paid a charge therefor, he was
handed a "stub" of a "parking ticket" containing printed recitals
purporting to limit the responsibility of the proprietor of the station
for the automobile, which the owner did not read and which were
not in any way called to his attention, did not require a finding that
such recitals were binding on the owner as a part of the contract of
bailment.

Evidence that the owner of an automobile, upon leaving it in a public
parking station, paid to an employee of the proprietor a required
charge and at the employee's request left the keys in the ignition
switch, and that, when the owner returned for the automobile, no
attendant was on duty and the automobile had been stolen, war-
ranted findings that the proprietor was negligent in performance of
his duty as a bailee for hire and that his negligence was the proximate
cause of the theft.

TORT.     Writ in the Municipal Court of the City of Boston
dated September 11, 1939.

There was a finding for the plaintiff by *Donovan,* J., in the
sum of $373.20.     A report was dismissed by the Appellate
Division.     The defendant appealed.

The case was submitted on briefs.

*J. J. Tutun,* for the defendant.

*R. J. Coffin,* for the plaintiff.

DONAHUE, J.     The plaintiff at some time during the
day on June 30, 1939, parked his automobile in a public
parking station, operated by the defendant in the down
town section of the city of Boston.     The plaintiff paid a
required charge to the defendant's agent and, at the latter's
request, left the keys to the automobile in the ignition
switch.     When the plaintiff returned to the parking station
between 6 and 6:15 P.M., there was no attendant there and

the plaintiff found that his automobile had been stolen. The automobile was later recovered in a damaged condition.

The plaintiff brought this action to recover for the damage done to his automobile on the ground of negligence of the defendant. The case was tried in the Municipal Court of the City of Boston and there was a finding for the plaintiff. A report of rulings made by the trial judge was dismissed in the Appellate Division.

The transaction of the parties was not merely the letting of a space where the plaintiff might leave his automobile. Upon the payment of the required charge, the defendant, through its agent, took possession of the automobile and, by reason of the requirement that the keys be left therein, the defendant could move the automobile to such part or parts of the public parking station as might from time to time suit the convenience of the defendant in the conduct of its business. On these facts relating to the character of the transaction between the parties a finding was warranted that the defendant was a bailee for hire. *Doherty* v. *Ernst*, 284 Mass. 341, 343, 344. Williston on Contracts (Rev. ed.), § 1065A. The defendant, as such a bailee, would not become an insurer of the automobile. It would, however, be bound to use the quantity and quality of care which, under similar circumstances, a reasonably careful man would use with respect to his own automobile. *Rourke* v. *Cadillac Automobile Co. of Boston*, 268 Mass. 7, 8. *Morse* v. *Homer's Inc.* 295 Mass. 606, 608.

In addition to the facts above related the trial judge found the following facts: The defendant's parking place accommodated about thirty-five automobiles and was of such a size and shape that an attendant there had a view of all automobiles therein at all times. So far as appears the only thing said, at the time when the plaintiff's automobile was left at the defendant's parking station, either by the plaintiff or by the attendant, was the request of the latter that the keys to the automobile be left in the ignition switch. The attendant fastened a part of a "parking ticket" to the door of the automobile and gave a part detached therefrom, referred to as a "stub," to the plaintiff, who without examin-

ing it put it in his pocket.   Previously to that day the plaintiff had parked his automobile in the defendant's parking station five or six times and had been given a "stub."   He did not read what was on such a "stub" at any time before his automobile was stolen.   The "stub" contained the following words:   "Parking Contract, Read It.   We are not responsible for the car, its accessories or contents while parked on our lot.   No employee has any authority to vary or increase our liability.   Additional parking charge begins 7 A.M.   No attendant on duty after 6 P.M."   The limitation on the defendant's liability by the language appearing on the "stub" given to the plaintiff, but not read by him, did not as matter of law require a finding for the defendant.   A finding was warranted that a person of ordinary intelligence in the position of the plaintiff might properly assume, from the requirement of a fee and the delivery of possession and control of the automobile to the owner of a public parking station, that the owner assumed responsibility for its care.   Nothing was said indicating that the defendant was not to be responsible, and no signs to that effect were displayed at the parking station.   It could be found to be a reasonable assumption by the plaintiff that the stub that was given him was a receipt for his automobile, or a means of identifying him when he should return to get his automobile, rather than a contract freeing an apparent bailee from all responsibility.   *Brown* v. *Eastern Railroad,* 11 Cush. 97, 99, 100.   *Kushner* v. *McGinnis,* 289 Mass. 326, 331.   *Brennan* v. *Ocean View Amusement Co.* 289 Mass. 587, 593.   *O'Brien* v. *Freeman,* 299 Mass. 20, 22.   *Maynard* v. *James,* 109 Conn. 365, 369.   *Galowitz* v. *Magner,* 208 App. Div. (N. Y.) 6, 8.   This case is unlike *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553, 557, and *O'Flaherty* v. *Cunard Steamship Co. Ltd.* 281 Mass. 447, on which the defendant relies.   In those cases the tickets obviously expressed contracts for ocean passages, as the purchasers must have known, and they were bound by the acceptance of the tickets.

It could not have been ruled as matter of law that the responsibility of the defendant with respect to care of the

plaintiff's automobile ended at six o'clock in the evening on the day in question. The statement on the "stub" given to the plaintiff: "No attendant on duty after 6 P.M." could be found not to bind the plaintiff for the reason above stated. And the fact that, on earlier occasions when the plaintiff left his automobile at the defendant's parking station, when he went to get it sometimes there was an attendant there and sometimes not; and the fact that generally in the same section of the city parking stations were not used after business hours did not as matter of law require the conclusion that the defendant was not liable under the contract of bailment made on the day his automobile was stolen.

The report of the trial judge states that "there was evidence tending to show and the court made the following findings of fact: . . ." Included in "the following findings of fact" is the statement that when the plaintiff returned to the parking place he "found no attendant on duty and that his said automobile had been stolen from said parking station." It does not appear that any objection was made to evidence that the plaintiff found that the automobile "had been stolen." Its absence from the parking station was not accounted for in any other way and when recovered it was damaged. It was a reasonable inference that it had been stolen. This is not, as the defendant contends, a case where "the evidence tends equally to sustain two inconsistent propositions." See *Hanna* v. *Shaw*, 244 Mass. 57, 60.

The burden of proving negligence of the defendant was on the plaintiff and there was no presumption that the defendant as a bailee did not use due care in safeguarding the plaintiff's automobile. *Hanna* v. *Shaw*, 244 Mass. 57, 61.

A finding was warranted that the contract of bailment which the parties made did not include the limitations of liability expressed on the "stub" given to the plaintiff, to the effect that the defendant was not responsible for the automobile while it was in the parking station, and that there would be no attendant there after 6 P.M. By the contract made, which included the requirement of the defend-

ant that the keys be left in the automobile, full responsibility for its safety was assumed by the defendant. "The liability of the defendant as a bailee for hire is not affected by reason of the knowledge of the owner as to the manner in which, or the place where, the property was kept. Its acceptance by the defendant imposed upon it due care for its safety and protection." *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46.

The defendant's parking station was such in size and shape that an attendant, if present, had a view of all automobiles therein at all times. If the theft occurred when an attendant was present a finding was warranted that he was negligent in not knowing of the attempt to steal and preventing it. If, on the other hand, the theft occurred when no attendant was present, no precautions whatever were then being used by the defendant to protect the plaintiff's automobile. It could have been found that the theft of the plaintiff's automobile was a natural and probable result of negligence for the consequences of which the defendant was responsible. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46. *Hayes* v. *Makel Automobile Co.* 234 Mass. 198, 203. *Doherty* v. *Ernst,* 284 Mass. 341. *D. A. Schulte, Inc.* v. *North Terminal Garage Co.* 291 Mass. 251, 256.

There was no error in the denial by the judge of requests for rulings of the defendant to the effect that the plaintiff had not sustained the burden of proof, that the plaintiff was bound by the language on the parking "stub" given to the plaintiff, that he was given notice and reasonably should have known of the limitations on the liability of the defendant, that as matter of law the evidence was not sufficient to establish negligence of the defendant and damage to the plaintiff, and that the finding of the plaintiff's loss and damage is based largely on conjecture.

*Order dismissing report affirmed.*