CLIFFORD E. SOUTIER & another *vs.* LESTER KAPLOW.

Berkshire. September 15, 1953. — October 28, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Bailment. Negligence,* Bailee, Parking space. *Law or Fact. Practice, Civil,* Appellate Division: report; Requests, rulings and instructions.

Whether a general or ultimate finding by a judge of a District Court based on subsidiary facts is either warranted or required by those facts is a question of law which may be reported to the Appellate Division. [450]

A so called finding in a report by a judge of a District Court that "upon all the facts hereinbefore stated, the court finds, as a matter of law, for the defendant" was treated by this court as a ruling that upon such facts the judge was bound to find for the defendant. [450]

Whether or not a bailee for hire of an automobile which was stolen while in his possession had exercised reasonable care to safeguard it was a question of fact. [450–451]

On facts reported by a judge of a District Court concerning the circumstances in which an automobile was parked by its owner's wife in a commercial parking lot and was stolen therefrom during a brief absence of an attendant employed by the proprietor of the lot, including a finding that the proprietor, as a bailee for hire of the automobile, and the attendant were not negligent with respect to safeguarding the automobile, the proprietor as a matter of law was not liable for damage to the automobile resulting from the theft. [451]

CONTRACT OR TORT. Writ in the District Court of Central Berkshire dated February 7, 1952.

The action was heard by *O'Hearn,* J.

In this court the case was submitted on briefs.

*William J. Conboy,* for the plaintiffs.

*Lincoln S. Cain & Abraham W. Chesney,* for the defendant.

WILLIAMS, J. This is an action of contract or tort brought by Clifford E. Soutier and his wife, Rosemary Soutier, in the District Court of Central Berkshire to recover for damage to the former's automobile resulting from the theft of the automobile while in the possession of the defendant as a bailee for hire. Of the counts in the declaration, count 1

was by Mrs. Soutier for breach of a contract of bailment and counts 2 and 3 were by Soutier and Mrs. Soutier respectively for negligently causing the alleged damage. There were findings for the defendant, a denial of motions for a new trial, a report to the Appellate Division, a decision of the Appellate Division dismissing the report, and an appeal by the plaintiffs from that decision to this court.

According to the facts reported by the trial judge Mrs. Soutier parked her husband's automobile in a commercial parking lot operated by the defendant on Columbus Avenue in Pittsfield at 1:30 P.M. on October 9, 1951. The lot was bounded on the sides by brick buildings and on the rear was enclosed by a wire fence in which was an opening wide enough for persons to pass. The entrance and exit were on the street. At the front was a large sign reading, "Parking 3 hours 25c All day 50c." Mrs. Soutier left the automobile at a place on the lot designated by an attendant, one Weber, who was employed by the defendant, and paid him a fee of twenty-five cents. She received no check or receipt and, although not told to do so, left the ignition key in the lock. She proceeded to keep an appointment with her physician and returned to the lot at 2:30 P.M. During her absence the automobile was stolen by a thief who had come through a gate and, seeing the ignition key in the lock and no attendant present, drove the automobile away. The theft was committed during the brief absence of Weber who had gone to a toilet in an adjacent building. The automobile was later recovered in a damaged condition. The judge found that the defendant was in possession of Soutier's automobile, that the defendant was a bailee for hire, that Mrs. Soutier was the agent of her husband, that she was negligent in not locking the automobile and in leaving the ignition key in the lock, that the defendant used reasonable care as bailee for hire in protecting the automobile, that he was not negligent, and that the absence of the attendant Weber for a period of from three to five minutes for the purpose of going to the toilet was not unreasonable and did

not constitute lack of due care.  He concluded by stating, "Upon all the facts hereinbefore stated, the court finds, as a matter of law, for the defendant on count 1, count 2 and count 3."  He reported the case to the Appellate Division in form as follows, "The plaintiffs claiming to be aggrieved by the court's findings . . . and by the court's denial of the plaintiffs' motions for a new trial, I hereby report the same to the Appellate Division for determination."

A finding of fact is not a proper subject of a report; see *James B. Rendle Co.* v. *Conley & Daggett, Inc.* 313 Mass. 712; *Perry* v. *Hanover,* 314 Mass. 167, 169; but whether a general or ultimate finding based on subsidiary facts is either warranted or required by those facts raises a question of law which may be reported.  See *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 167.

We think the so called finding that "Upon all the facts hereinbefore stated, the court finds, as a matter of law, for the defendant" was a ruling that upon such facts the court was bound to find for the defendant (see *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 252), and we treat the correctness of this ruling as the issue intended to be reported to the Appellate Division.  See *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 354.  The conclusion was warranted that Mrs. Soutier bailed her husband's automobile with the defendant for hire.  As such bailee his duty was to "use the quantity and quality of care which, under similar circumstances, a reasonably careful man would use with respect to his own automobile." *Sandler* v. *Commonwealth Station Co.* 307 Mass. 470, 471. He was obligated to exercise due care in protecting it from being lost or damaged (*Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46) that he might return it to the bailor in as good condition as when received.  *Doherty* v. *Ernst,* 284 Mass. 341, 344.  The right of either plaintiff to recover, whether in contract or tort, depended on proof of violation by the defendant of his duty as bailee, except for which duty he was under no obligation to safeguard the automobile from thieves.  Whether he and his employee

for whose conduct he was responsible exercised reasonable care were questions of fact for the trial judge. See *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44; *Hayes* v. *Maykel Automobile Co.* 234 Mass. 198; *Morse* v. *Homer's Inc.* 295 Mass. 606; *Sandler* v. *Commonwealth Station Co.* 307 Mass. 470; *Dunne* v. *South Shore Country Club*, 230 Ill. App. 11; *Mote* v. *Chicago & Northwestern Railroad*, 27 Iowa, 22; *Filson* v. *Pacific Express Co.* 84 Kans. 614. Although the employee's conduct in voluntarily leaving the parking lot unattended warranted a finding of negligence, it did not require it. The reasons for his absence, the duration of such absence, and the likelihood of the entrance of a thief at that particular time and place were matters which properly could be given consideration.

The findings that the defendant and his employee were not negligent are decisive of the case. It therefore becomes unnecessary to determine whether the judge was warranted in finding that Mrs. Soutier acted as the agent of her husband and was herself negligent. There was no error in denying the motions for new trial which were based on the conventional grounds.

*Order dismissing report affirmed.*