*Southern Division*

## WILLIAM ZAKON
### v.
## EVANS O. SCHWARZ d-b-a COOLIDGE CORNER GULF SERVICE STA.

*Present:* Nash, P. J., & Callan, J.

Case tried to *Cox, J.,* in the District Court of Northern Norfolk. No. 44267.

*Callan, J.* Action of tort or contract to re-

cover compensation for damage to the plaintiff's car while parked in the defendant's parking lot.

On the day in question and for several days before that time, the plaintiff left his car undamaged with the ignition key in it with the defendant's attendant out in the defendant's parking lot. He did not see the defendant's attendant park the car. For this service, he paid the defendant monthly. Upon his return to the lot later on the day in question, the plaintiff drove his car out of the lot, and after driving some distance, became involved in an accident. It was at this time that damage to the right side of the car was discovered. In leaving the parking lot the plaintiff drove the car away himself from its parked position, although the plaintiff did not know whether the space from where he drove it was the space where the attendant presumably had put it in the morning. On prior occasions he had observed other customers getting into their cars and driving them from the parking lot as he had done on the day in question.

Requests for rulings filed by the defendant and denied are as follows:

1. On the pleadings, the law involved and the evidence, a finding for the plaintiff on Count One, is not warranted, because the plaintiff has not sustained the burden of proving that the defendant was negligent, or that a person for whose conduct the defendant was responsible was negligent.

2. On the pleadings, the law involved and the

evidence, a finding for the plaintiff on Count Two, is not warranted because the plaintiff has not sustained the burden of proving that the defendant, or a person for whose conduct the defendant was responsible, was negligent.

4. If it is found that the arrangement that existed between the plaintiff and the defendant was that the defendant for a consideration permitted the plaintiff to occupy space on the premises of the defendant, and to permit the plaintiff to take possession of his motor vehicle at any time, and it was understood that the owners of other vehicles parked on the premises would likewise take possession of their respective vehicles and drive them from the premises, the fact that damage occurred while it was so parked on the premises of the defendant would not warrant a finding that the damage occurred through the fault of the defendant.

Even though the plaintiff did not see the parking lot attendant move his car from the position where he had left it, it could be fairly inferred that the defendant's employee parked the vehicle. The judge so found. As the car was under the control, if only for a short while, of the defendant's agent, this is enough to bring the case within the ruling laid down in *Butler v. Bowdoin Square Garage,* 329 Mass. 28. The same duty applies to the owner of a parking lot as a garage to return the automobile in as good condition as when received. *Doherty v. Ernst,* 284 Mass. 341; *Sandler v. Commonwealth Sta-*

*tion Co.*, 307 Mass. 470; *Soutier v. Kaplow*, 330 Mass. 448.

There can be no doubt but that the defendant was a bailee for hire and as such owed the duty to exercise that degree of care which would reasonably be expected from an ordinary prudent man in similar circumstances. As bailee, he had the right to use and enjoy possession free from control by the bailor, subject to the obligation to do so with care, with due regard to its nature and characteristics and its preservation in safety, and to return it in good order barring unavoidable casualties at the expiration of the bailment. See: *Nash v. Lang,* 268 Mass. 407. From the evidence it could be found that the car was undamaged when left in the parking lot by the plaintiff. The judge on the evidence was warranted in finding that the damage was caused by the negligence of the defendant's servant. *Sandler v. Commonwealth Station Co.,* 307 Mass. 470; *Hayes v. Maykel Automobile Co.,* 234 Mass. 198.

Where negligence is involved it is not necessary that the plaintiff introduce evidence excluding every possibility that the damage was caused through some other source than the defendant's negligence. He is not required to show precisely how the damage to his car happened, so long as the evidence presents "a greater likelihood" that the damage to the car was caused by the negligence of the defendant's servant than it was from a cause for which the defendant was not responsible.

*Walker v. Bullard,* 317 Mass. 288; *West v. Linehan,* 201 Mass. 499, 501; *Marchant v. Connelly,* 335 Mass. 397, 399.

We feel there is a greater likelihood that the damage was caused through the servant's negligence than through some other source and in this respect is distinguishable from *Hanna v. Shaw,* 244 Mass. 57. The judge found that when the plaintiff took his car in the afternoon from the parking lot, it was damaged and scratched along the right side.

We perceive no error and the report is ordered dismissed.

George B. Rubin of Boston, for the Plaintiff.
George W. Stuart of Boston, for the Defendant.