*Southern District*
No. 610-R
## ANTHONY MIRABILE
v.
## BAKER HOMES, INC.

*Present*: Nash, P.J., Cox, Murphy, J.J.
Case tried to *Sullivan, J.* in the District Court of Southern Norfolk.     No. 610-R.

*Murphy, J.* This is an action in tort for trespass in which the plaintiff alleges that he was the owner of certain land in Dennisport, Mass.,

and that the defendant in June, 1964 entered upon his land, excavated and carried away soil and destroyed the contour and drainage of the property. The answer is a general denial, contributory negligence, assumption of the risk, Statute of Limitations and a denial of agency.

The plaintiff did not file a brief nor did it argue.

*There was evidence to show that* the plaintiff lived next door to one, Cirelli; that Cirelli had some grading work done on his property by an independent contractor, one Garfield, who did this work at the request of a Mr. Baker. After this work was completed, some further regrading was made necessary because Cirelli's land was lower than that of the plaintiff's, and Cirelli thought that water would run down on to his property from the plaintiff's land.

Someone removed forty or fifty yards of sand from along side the plaintiff's driveway in the process of doing this regrading.

Garfield, the contractor, said he was told to remove the sand by Cirelli, and that it would be all right because the plaintiff (Mirabile) was his brother. Mr. Cirelli denied ever making such a statement and denied that he ever authorized Cirelli and/or the bulldozer operator to do any work on the plaintiff's land.

There was also some evidence that Mr. Baker told Garfield to "make Cirelli happy". Mr. Baker was not further identified.

This action is against Baker Homes, Inc.

At the close of the evidence, the defendant filed nine requests for rulings. Nos. 4 and 8 were allowed, and the others were denied.

The Court found the following facts:

"1. A substantial amount of sand was unlawfully removed from a house lot of the plaintiff.

"2. Said removal altered the topography of the plaintiff's real estate and weakened the natural support of a pre-existing 'Black-top' driveway.

"3. Said removal was done by a 'bulldozer' being operated by a person who ordinarily conducts his business as an independent contractor but who, in this instance, was acting in the capacity of agent or servant of the defendant corporation and under the direction of an officer of that corporation.

"4. The plaintiff has been substantially damaged by said removal, but no evidence was presented by which the court can fairly assess said damage."

The defendant claims to be aggrieved by the denial of its requests 1, 2, 3, 5, 7 and 9.

The judge found for the plaintiff in the sum of $1 with interest from the date of the writ. We think the judge was wrong in this instance.

There is no evidence in the record before us that the defendant, Baker Homes, Inc., did any

of this work on the plaintiff's property; on the contrary, the record discloses that one, Garfield, who ordinarily is an independent contractor or his operator, actually did the work complained of; the record is not quite clear on this point. Mr. Cirelli and Mr. Baker had talked with him (Garfield) about the work to be done, prior thereto. There is no evidence in the record that he (Baker) was an officer, director, agent or employee of the defendant, nor do we perceive anything in the record from which a proper inference could be drawn that he was acting as such an officer or agent. While it may be that the reported evidence would support a finding against Mr. Baker, Mr. Cirelli, Mr. Garfield and/or the bulldozer operator, any question of their respective liabilities is not now before us.

The special finding made by the judge that, "The independent contractor was acting in the capacity of agent or servant of the defendant corporation" and that (he) was acting under the direction of an officer of the corporate defendant, was not justified or warranted on the reported evidence. There is no evidence of that fact at all. It is our view that a finding for the defendant was not only warranted but it was required on this evidence. *Leshefsky, Admx.* v. *American Employers Insurance Company,* 293 Mass. 164 and *Soutier* v. *Kaplow,* 330 Mass. 448. And even if it could be found that (he) was acting as such an agent or servant and had such

authority, there is no evidence that (he) was acting within the scope of that authority.

In view of the lack of any reported evidence to support the special finding of agency by the court, we are constrained to rule that it was prejudicial error not to grant defendant's requests for rulings Nos. 1, 2, 3, 5, 6 and 7. All of these requests have to do with the question of agency, and should have been granted.

The finding for the Plaintiff should be reversed, and **judgment should be ordered for the Defendant.**

BATTISTA J. GUARINO of Framingham,
     for the Plaintiff
ROBERT A. CURLEY of Boston,
     for the Defendant