*Southern District*

## JOHN E. PROCTOR, d/b/a HIGHLAND MOTORS, INC.

### v.

## OWEN MOTORS, INC.

Argued: Feb. 26, 1969    Decided: Apr. 26, 1969.

*Present*: Nash, C.J. and Murphy, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk   No. 58340

*Murphy, J.*  This is an action of tort and contract in which the plaintiff seeks to recover for damages sustained due to a theft of the plaintiff's motor vehicle from the defendant's open air lot. The defendant's answer was a general denial, allegation of contributory negligence and assumption of the risk.

The court found for the plaintiff in the sum of $1,044.59 with interest from the date of the writ.

*At the trial there was evidence tending to show* that the plaintiff consigned for profit to the defendant for sale his 1966 Cadillac automobile at its place of business in Dedham, Massachusetts. The defendant took possession of the automobile and its keys. The automobile was displayed in the front line facing the street on the defendant's large, unfenced, open air lot.

The plaintiff testified that on a holiday eve in November, 1966, he had telephoned the defendant's sales manager, one Marvin Roberts, to inform him that, inasmuch as the automobile had not been sold, he desired to have it back.

At the close of the evidence and before final arguments, the defendant filed ten requests for rulings. We concern ourselves only with requests numbered 1, 8 and 10, which were denied. Those requests read as follows:

"1. The evidence does not warrant a finding that the defendant was negligent.

8. The evidence does not warrant a finding that the defendant controlled the plaintiff's automobile at the time the alleged disappearance thereof occurred.

10. The evidence is insufficient to support a finding for the plaintiff."

The defendant claims to be aggrieved by the court's failure to grant these requests.

The judge made the following special findings:

"In November, 1966, the plaintiff consigned to the defendant for sale his 1966 Cadillac automobile at its place of business in Dedham. The defendant was to receive a commission for the sale of the automobile. The defendant took possession of the automobile and the keys.

"The defendant displayed the automobile on its large, unfenced, open air lot with its other cars placing it in the front line facing the street.

"It was the defendant's usual custom to lock the automobile at night and to leave it in the same location as during business hours. The closing hour was nine o'clock, p.m. The defendant's place of business contained a garage with room for thirty cars and a show room capable of holding ten cars. The defendant maintained no watchman after closing hours nor on holidays. The lights on the lot were automatically turned off at midnight.

"After the automobile had been in the defendant's exclusive possession for a period variously described as days or weeks it was stolen during the night or early morning of a holiday in November, 1966. It was then in the defendant's exclusive possession. Sixty days later it was recovered by the Cambridge police in a badly damaged condition.

"I find that the defendant was a bailee for hire of the plaintiff's automobile. While not an insurer, the defendant was, however, 'bound

to use the quantity and quality of care which, under similar circumstances, a reasonable careful man would use with respect to his own automobile'. *Sandler* v. *Commonwealth Station Co.,* 307 Mass. 470, 471.

"The defendant's responsibility for the reasonable care of the plaintiff's automobile extended beyond its closing hour and continued on the holiday.

"At the time of the theft the defendant was in exclusive possession of the automobile. The defendant, in the exercise of due care for its protection, reasonably could and should have stored the plaintiff's automobile in its garage or show room at night and on the holiday when its open air lot was unlighted and unguarded. I find that its failure to do so was negligent and that the theft is directly attributable, as a probable and natural result, to its negligence. *Sandler* v. *Commonwealth Station Co.,* 307 Mass. 470. *National Development* v. *Gray,* 316 Mass. 238, 240. See also *Stevens* v. *Stewart-Warner Speedometer Corp.,* 223 Mass. 46."

The evidence reported indicates that the plaintiff asked to have the car in question returned to him. He did not ask the defendant to deliver the keys; no mention was made of keys. Actually, the defendant had the keys brought to him at night after closing the garage, and the next morning when the plaintiff walked to the defendant's lot to get the automobile, he discovered it was missing.

At the time in question, the plaintiff's car, a 1966 Cadillac, was the only car on consignment. It was no longer for sale on the night in question. Normally, cars no longer for sale were placed inside the garage. For some reason this was not done on the night of the theft.

We think it reasonable to expect that the proprietor or those in charge were obligated in this particular case to have delivered the car when the plaintiff requested it. No reason is given for the failure to do so, or failing that, to have put the car inside the garage, since it was no longer for sale. Leaving it on the open lot was a departure from the defendant's usual practice and under these circumstances warranted a finding that this constituted negligence on its part. *Sandler* v. *Commonwealth Station Co.,* 307 Mass. 470.

We do not agree with the defendant that delivery of the keys under these circumstances was a delivery of the car itself, symbolic or otherwise. The defendant's manager had been told that the car was no longer for sale and to return it and this he agreed to do. The evidence is clear and uncontradicted on this point. Therefore, until the plaintiff had actual possession of the car, the responsibility for its safekeeping still rested with the defendant as bailee, particularly, since it was still on its property despite the fact that it had been specifically asked to return it. To rule otherwise would violate the essential terms of the bailment con-

tract and open the door to possible fraud in a case of this kind.

The defendant as a bailee was "bound to use that quantity and quality of care which, under similar circumstances, a reasonable careful man would use with respect to his own automobile." Applying that test, we think it was properly found that the defendant failed to use the degree of care called for by the facts in this case.

The findings of fact made by a judge in an action at law must be sustained if they can be supported upon any reasonable view of the evidence, including such rational inferences as the evidence warrants. *Abele* v. *Dietz*, 312 Mass. 685, 690. *Charles D. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 499. The clear and concise special findings of fact made by the trial judge are more than sufficient to justify the denial of all three requests for rulings, so there is no need to discuss them in detail.

Since we perceive no prejudicial error, **an order should be entered dismissing the report.**

I. SHEFFIELD Dow
 of Boston for the Plaintiff
MATTHEW J. McDONNELL
 of Boston for the Defendant