Martin, J.
This is an appeal from a finding on an action to recover a deficiency resulting from a foreclosure sale of the defendant’s property. The court found against the plaintiff. We affirm.
The judge made the following findings of fact: 1) The sale by the plaintiff on July 16,1991 subject to the Ronne [auctioneer] error constituted a failure on the part of the plaintiff to act in good faith or to use reasonable diligence to protect the interests of the defendant so as to mitigate the damages of the defendant. (Finding number 17); 2) The plaintiff was obliged to mitigate the damages of the defendant and was obliged to act in good faith and to use reasonable diligence to protect the interests of the defendant and, in this case under the facts present where the plaintiff was not only the successful bidder but the only bidder at the sale, I find that this obligation was particularly relevant and plaintiff failed in its obligation to act in good faith and use reasonable diligence to protect the defendant (Finding number 18); and 3) I find that the plaintiff violated its duty to mitigate the damages of the defendant and is not entitled to any recovery from defendant and I find for the defendant. (Finding number 19). These findings made by the trial judge are questions of fact. Findings of fact made by a judge in an action at law must be upheld when they can be supported upon any reasonable view of the evidence — including such rational inferences as the evidence may warrant. Proctor v. Owen Motors, Inc., 42 Mass. App. Dec. 80; 86 (1969) quoting Abele v. Dietz, 312 Mass. 685, 690 (1942). We find that the findings of the judge were clear and based on a reasonable view of the evidence. There was no abuse of discretion and no prejudicial error.
Finally, the appellant argues as to the inconsistency in the court’s findings. We will not consider this argument as the appellant should have sought a remedy by a motion for new trial or a motion to correct any inconsistency in the rulings. Briggs v. Densmore, 323 Mass. 106, 108-109 (1948).
Accordingly, finding no prejudicial error, the judgment of the trial court is affirmed and the report is dismissed.