## FRANK A. GOELL *vs.* J. M. SMITH.

Suffolk.   Nov. 12, 1879. — Jan. 19, 1880.   MORTON & SOULE, JJ., absent.

Where the violation of the terms of a lease or bailment of a chattel tends to show the assumption of dominion over, and ownership of, the chattel, by the lessee or bailee, this is evidence of a conversion of the chattel.

TORT for the conversion of a horse.   Trial in the Superior Court, without a jury, before *Putnam,* J., who found the following facts:

In October 1875, the plaintiff, who lived in Nahant, agreed with the defendant, who kept a livery-stable and riding-school in Boston, that the latter might take the plaintiff's horse to Boston and have the use of him until April 1, 1876, unless the plaintiff in the mean time sold the horse or took him away. The defendant was to have the use of the horse for his board and keeping, but he was to use him only in the ring in his riding-school, and was not to use him on the road. · It was further agreed between them that the defendant might have the right to sell the horse for the plaintiff if he could do so, paying to the plaintiff the sum of $250 out of the purchase money, and retaining the balance, if any, himself.   The defendant took the horse to Boston and put him into his livery-stable upon these terms. In March 1876, the defendant let the horse for hire, to be used upon the road for pleasure driving, to a person who rode him

under the saddle, and, while being thus used, the horse ran away and was killed.

Upon these facts, the defendant contended, and asked the judge to rule, that the action would not lie. The judge declined so to rule, found that there was a conversion, and ordered judgment for the plaintiff. The defendant alleged exceptions.

*E. M. Bigelow,* for the defendant.

*G. L. Huntress,* (*S. B. Ives, Jr.* with him,) for the plaintiff.

LORD, J. In this case, the only question of law raised at the trial appears thus: " Upon these facts the defendant contended, and asked the judge to rule, that the action would not lie."

The judge, sitting without a jury, declined to make this ruling, but found as a fact that there was a conversion of the horse. The evidence is not reported with the view of determining whether there was any evidence of a conversion. It is entirely clear that all the facts which are reported are consistent with and have some tendency to prove a conversion; and whether in law they required the judge to find a conversion depended, not only upon the acts, but the motives, intentions and purposes of the party performing the acts. Even if it be assumed that the facts proved did not of themselves necessarily in law demand a finding of a conversion, they are certainly competent evidence tending to show a conversion, and it cannot be said, as matter of law, that the judge had no right to find a conversion. If the presiding judge had ruled, as matter of law, that the facts stated in the report, without regard to the motives, purposes, or intentions of the defendant, would have been a conversion, the very elaborate argument of the defendant's counsel would have been pertinent and appropriate. But none of the propositions of law for which the defendant contends were adversely ruled upon; and upon a state of the evidence which might have justified a finding of a conversion or which might have been consistent with no conversion, the judge simply declined to rule, as matter of law, that the action would not lie, but found, as matter of fact, an actual conversion by the defendant. To this finding there is no legal exception. We may assume that the owner of a chattel may part with his possession of it upon an agreement of lease or bailment, some of the terms of which may be violated and yet there be no conversion of the property. But where the

violation of the terms of the agreement tends to show the assumption of dominion over, and ownership of, the chattel, it is evidence tending to show a conversion of it to his own use by the lessee or bailee; and it is a question of fact, under well-recognized rules of law, and not simply a question of law, whether he had converted it to his own use; and the decision of a competent tribunal to settle that fact cannot be revised by the court when there is evidence to sustain it.

*Exceptions overruled.*