DENNIS F. ROURKE *vs.* CADILLAC AUTOMOBILE COMPANY OF BOSTON.

Suffolk.   December 3, 1928. — June 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bailment. Negligence,* Of bailee. *Conversion.*

Evidence, at the trial of an action of tort by the owner of an automobile against an automobile company with which the plaintiff left the automobile for repairs and repainting, that the defendant sent it to another company to be repainted; that it was damaged by fire while on the premises of the second company; that no sprinkler system was installed in those premises; and that oil and grease were seen on the floor thereof, did not warrant a finding that the defendant failed to exercise the care required of it as bailee of the automobile; and a verdict properly was ordered for the defendant on a count of the declaration containing allegations of negligence on the part of the defendant.

In a second count of the declaration in the action above described, the plaintiff alleged that the defendant had converted the automobile. There was further evidence of a custom in the locality in question under which the defendant sent out for painting automobiles left with it for repair; and that the plaintiff, not knowing of such custom, supposed that the defendant did the painting itself. A verdict was ordered for the defendant on the second count. *Held,* that the question, whether there was an understanding between the plaintiff and the defendant that the defendant should do the painting itself, so that there was a wrongful assumption of control by the defendant in sending out the automobile for painting, was one of fact for the jury; and it was error to order the verdict for the defendant on the second count.

TORT.   Writ in the Municipal Court of the City of Boston dated October 2, 1925.

Upon removal to the Superior Court, the action was tried before *Flynn*, J. The declaration and material evidence

are described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant on each count of the declaration. The plaintiff alleged exceptions which, after the death of *Flynn*, J., were allowed by *Cox*, J.

*E. K. Nash*, for the plaintiff.

*G. M. Poland*, (*T. H. Stearns* with him,) for the defendant.

WAIT, J. The plaintiff left his automobile with the defendant for repairs and repainting. The defendant, in accord with its practice, sent the vehicle to the Somerville Auto Painting Company to be repainted. While it was at Somerville, the automobile was damaged by fire. It was insured. The insurer paid a loss to the plaintiff, who also received what was left of the machine. The plaintiff sued the defendant in tort, declaring, in his first count, for negligence, and, in a second count, for conversion. The trial judge directed a verdict for the defendant on both counts. The case is before us on exceptions.

Upon delivery to the defendant, the relation of bailor and bailee was created. The law is established that the bailee, in such circumstances, owes to the bailor the duty to use the degree of care toward the object bailed which a reasonably prudent and careful man would exercise with reference to his own property. *Maynard* v. *Buck*, 100 Mass. 40. *Hecht* v. *Boston Wharf Co.* 220 Mass. 397, 403.

The evidence would not sustain a finding that the defendant failed to furnish such care. The facts — that no automatic sprinkling system was installed at the Somerville shop and that oil and grease were seen on its floor — are not enough to require that the issue of care be submitted to a jury. There was nothing to show that the absence of the one or the presence of the other had anything to do with the loss; or, taken with the conditions existing at the shop and in its vicinity, would have led a careful man to deem it an unsafe place in which to permit the machine to be placed for painting. There was no error in directing the verdict on the first count.

The plaintiff contends that, if not liable for negligence, the defendant is liable for converting the car. Statements of the liability of a bailee for conversion differ; but they agree

that a necessary element is the presence of an exertion of wrongful authority over the object bailed in violation of the conditions of the contract of bailment and in derogation of the rights of the bailor or owner. *Spooner* v. *Holmes,* 102 Mass. 503, 506. *Spooner* v. *Manchester,* 133 Mass. 270, 273, 274, 275. *Goell* v. *Smith,* 128 Mass. 238. *Brintnall* v. *Smith,* 166 Mass. 253. *Farnsworth* v. *Lowery,* 134 Mass. 512, 519. *Doyle* v. *Peerless Motor Car Co.* 226 Mass. 561. See also *Murray* v. *Postal Telegraph-Cable Co.* 210 Mass. 188; *Varney* v. *Curtis,* 213 Mass. 309.

Whether in the case before us there was such exertion of authority wrongfully depends upon whether there was justification for sending the machine to Somerville to be painted. Seemingly, there is no wrongful assumption of control by a bailee to whom articles are sent for repair in placing them with another person to do some or all of the work undertaken by the bailee, *Eaton* v. *Lynde,* 15 Mass. 242, *Hollingsworth* v. *Dow,* 19 Pick. 228, *Leck* v. *Maestaer,* 1 Camp. 138, Story, Bailments (9th ed.) § 428, unless expressly or by implication there is an understanding that the bailee himself should perform all the labor. Whether there was such an understanding here was a question of fact. See *New-England Cabinet Works* v. *Morris,* 226 Mass. 246. There was evidence of a custom in Boston in accord with which the defendant sent out for painting automobiles which had been left with it for repair. The plaintiff testified that he did not know of such a practice, and had supposed the defendant itself did the painting. A jury might not believe that the custom existed, nor think that it was so general that all parties must be assumed to contract with it in mind. The existence of such a custom was matter of fact. See *Barrie* v. *Quinby,* 206 Mass. 259, 264, 265. It could not be ruled as matter of law that either understanding or custom was so established by the evidence that the plaintiff could not recover.

The exception to the order directing a verdict for the defendant on the second count must be sustained.

*So ordered.*