## AUTOMOBILE INS CO OF HARTFORD, CONN v SYNDICATE PARKING CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16320. Decided Dec 20, 1937

T. F. Stewart, Cleveland, for plaintiff-appellee.

Shuler, Smith & Freer, Cleveland, for defendant-appellant.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation.

## OPINION

By LEMERT, J.

This cause comes into this court from the Municipal Court of the City of Cleveland, Ohio.

The cause was submitted in the lower court largely upon an agreed statement of facts as follows:

Corporate identity and capacity of parties was conceded. Plaintiff had a policy of insurance on a 1934 Chevrolet, in favor

of the owner, Mrs. Florence Prindle, who, on or abou November 21, 1936, permitted Miss Lillian Prindle, her daught r, to use the car. During the course of the evening Miss Prindle parked the car at the parking lot operated by the defendant on East 14th Street and Prospect Avenue, paying the defendant's attendant the required fee. Miss Lillian Prindle, her daughter, to use A. M. and discovered the car was gone from the lot and no representative of the defendant present. Defendant's attendant left the parking lot at about midnight and in the inventory made at that time on the lot, noticed the presence of the car involved in this case. This car was later found by the Cleveland Police Department and returned to Mrs. Prindle. At the time the car was parked in defendant's lot, it was in good condition. When it was returned to the owner it had been damaged in the amount of $38.42 which sum plaintiff paid the owner and received in return an assignment of the owner's right of action to the extent and in the amount of its payment. In addition to these facts Lillian Prindle testified that at the time she parked the car and paid the attendant, he insisted that she leave the ignition key with the car so that it might be moved upon occasion to permit other cars to get in and out. She testified that the attendant promised to keep the key on the floor of the car where it would not be easily noticed and that he did not tell her that the lot closed at midnight or at any other time, and that he did not call her attention to any printed matter on the identification ticket he gave her and that she did not read this printed matter.

Defendant in the court below offered an attendant who testified that he did not recognize Miss Prindle or recall any conversation he might have had with her. He testified that space was always available to patrons in which to lock their cars but no testimony was given to indicate that Miss Prindle knew this.

Defendant's witness testified solely to the customary operation of the parking lot and did not show knowledge of this on the part of either Miss Prindle or the owner of the car through whom plaintiff seeks its right of action.

We note that the defendant alleged a special contract in its answer but offered no evidence whatever to prove it.

Defendant offered no evidence indicating that the transaction was other than the usual bailment for mutual benefit. So that upon the facts in the instant case we are of the opinion that a prima facie case was made out for the plaintiff in that the facts show that defendant left the car on the parking lot at midnight and that the ignition key was left in the car at defendant's request and that defendant failed to show the exercise of any degree of care in the protection of said car. So that upon the facts in the instant case it follows that the judgment of the Municipal Court of Cleveland is sustained.

Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.