Adlow, J.
Action of tort for negligence. There was evidence that on June 20, 1939 the plaintiff parked his automobile in the public parking station conducted by the defendant, paid a fee for said parking, and, at the request of the defendant left the keys in the ignition lock. The plaintiff received a ticket from the defendant on which was printed the following:
“Parking Contract. Read it.
“We are not responsible for the car, its accessories or contents while parked on our lot. No employee has any authority to vary or to increase our liability. Additional *342 parking charge begins at 7 A. M. No attendant on duty after 6 P. M.” The defendant did not call the attention of the plaintiff to the printed matter on the ticket nor did the plaintiff read it at the time of making the contract. Between 6 and 6:15 P. M. on the same day the plaintiff returned to get his car. When he got there no attendant was on duty and the car was missing. Later it was found in damaged condition. At the close of the evidence the defendant requested the Court to rule in effect that (1) the plaintiff is barred from recovery by virtue of the conditions printed on the ticket handed him at the time he brought the car to the defendant’s parking lot, and (2) that the plaintiff has not sustained the burden of proof. The court refused to so rule and found for the plaintiff. The propriety of these rulings is raised by this report.
Whether the terms and conditions printed on the ticket given to the plaintiff were a part of his contract depends on whether the plaintiff knew of them at the time of making the contract. (Kushner v. McGinnis, 289 Mass. 326; Bremien v. Ocean View Amusement Co., 289 Mass. 587, 594.) If the court believed the testimony of the plaintiff to the effect that he had never read the printed matter on the ticket and was not familiar with it, it would be warranted in refusing to find that the terms and conditions printed thereon were a part of the contract. The refusal of the court to rule as requested by the defendant was proper under the circumstances.
The burden was on the plaintiff to show that the ear was stolen because of the negligence of the defendant. (Hanna v. Shaw, 244 Mass. 57. See also 14 Boston University Law Review, 368, 372.) There was evidence that the defendant had accepted the car from the plaintiff and had requested that he leave the key in it. As a bailee for hire he was not insurer of the car, but he became obligated to exercise the quality of care in its custody which a reasonably prudent *343 and careful man would use with respect to his own property of a similar nature. (Morse v. Homer’s Inc., 295 Mass. 608; Rourke v. Cadillac Automobile Co. of Boston, 268 Mass. 7, 8.) To urge, as the defendant has done, that a parking lot operator who leaves an open parking lot unattended while an unlocked car is on the lot is not negligent is to ignore the notorious conditions prevailing today with respect to automobile thieves. In Beetson v. Hollywood Athletic Club, 109 Calif. App. 715, 293 Pac. 821 (1930) the court said: ‘ ‘ The inference of negligence is well nigh irresistible from the fact that, upon the occasion in question, the defendant’s attendant left its parlting place without taking the slightest precaution to protect the plaintiff’s car against theft.” In Automobile Insurance Co. of Hartford v. Syndicate Parking Co., 58 Ohio App. 148, 16 N. E. (2d) 239 a finding for the plaintiff was sustained on facts identical with the case at bar and there is ample precedent in this Commonwealth to support the ruling of the court that the plaintiff has sustained the burden of proof. (Stevens v. Stewart Warner Speedometer Corp., 223 Mass. 44; Hayes v. Maykel Automobile Co., 234 Mass. 198; Doherty v. Ernst, 284 Mass. 341.
Report dismissed.