Weygandt, C. J.
 

 The first of the two errors found by the Court of Appeals was the refusal of the trial court to perxnit George K. Scott, a witness for the defendant the George K. Scott Company, Inc., to testify as to the fair market value of the plaintiff’s 59 items of household furnishings placed in storage.
 

 Unfortunately the bill of exceptions is in the unsatisfactox-y narrative form, but many of the controlling facts seem to be undisputed. On Januax-y 30,1939, the plaintiff’s property was delivered to the defendant McMillan for storage. ' Immediately thereafter he delivered the property to the defendant the George K. Scott Company, Inc., in whose warehouse it was stored without the knowledge of the plaintiff. All statemexits received by the plaintiff for storage charges were sent by McMillan and were paid promptly by the plaintiff. The total was $315. The Scott Company had no knowledge of the plaintiff, and all its statements fox- storage charges were sent to McMillan. The difficulty arose when McMillan failed to pay certain of these charges, although he had been paid by the plaintiff.
 

 The plaintiff returned to Cleveland in May, 1943, and asked McMillan for the redelivery of her property. She was told that there would be some delay. Thereafter she made a number of similar requests without result. Finally, in November of that year she discovered that approximately eight months prior thereto the Scott Company had sold her property for the sum
 
 *489
 
 ■of $45. She found, too, that for some unexplained reason the defendants had failed to comply with the requirements of Section 8489, General Code, in that she was not notified of the sale and the property was not advertised for sale.
 

 At the trial George K. Scott, president of the Scott 'Company, offered to testify as to the fair market value of the plaintiff’s property at the time of the sale in January, 1943. An objection thereto was sustained on the ground that the witness had not seen the property for four years and therefore was not qualified to express an opinion as to its value on the day of the sale. Under the facts disclosed by the record this was not ■error on the part of the trial court. The lapse of time was such as to render the proffered testimony inadmissible and not merely of doubtful weight.
 

 The second error found by the Court of Appeals was the instruction by the trial court to the jury to ■disregard the fourth paragraph of the warehouse receipt issued by the Scott Company. It reads in part as follows:
 

 “4.
 
 That the holder hereof declares the value in case of loss or damage for each or any piece or package and contents thereof, enumerated on said schedule below, does not exceed twenty-five dollars ($25) and, in consideration of the storage rate hereby charged, agrees to the specified valuation above named in case of loss or damage to said goods from causes which would make this company liable; * *
 

 The reason for the trial court’s instruction becomes apparent upon a study of this provision. “Loss or damage” connotes negligence. The plaintiff has not predicated her action on negligence but on the intentional, wilful misconduct of the defendants in selling her property without compliance with the plain requirements of Section 8489, General Code. A limitation of liability for mere negligence is greatly different
 
 *490
 
 from'an attempt to limit liability for a wrong that is inflicted intentionally and wilfully.
 

 The defendant Scott Company relies upon the decision of this court in the case of
 
 Central Storage Warehouse Co.
 
 v.
 
 Pickering,
 
 114 Ohio St., 76, 151 N. E., 39, in which the first paragraph of the, syllabus reads as follows:
 

 “By virtue of the provisions of Sections 8457, 8458, and 8459, G-eneral Code, a warehouseman’s receipt in compliance with those sections issued for goods stored, becomes a contract between the parties, and the person receiving and holding such receipt, even though he does not sign the same or otherwise expressly ass,ent to its terms and conditions, is chargeable with knowledge of such terms and conditions, and is bound by the same, provided the samé be not contrary to the provisions of those sections and other related sections, and further provided that such terms and conditions do not in any wise impair the obligation of the warehouseman ‘to exercise that degree of care in the safekeeping of the goods intrusted to him which a reasonably careful man would exercise in regard to similar goods of his own.’ ”
 

 It is readily apparent that that pronouncement does not involve a wrong that is inflicted intentionally and wilfully, as in the instant case.
 

 The instruction of the trial court to the jury to disregard the fourth paragraph of the warehouse receipt was correct.
 

 The judgment of the Court qí Appeals must be reversed and that of the Municipal Court affirmed.
 

 Judgment reversed.
 

 Turner, Matthias, Zimmerman, Bell and Sohngen, JJ., concur.
 

 Hart, J., not participating.