## No. 4574

## WALTER GOMES

### v.

## CHARLES M. JOSEPHSON and SHERIN MOTORS, INC.

(September 29, 1952)

CAVAN, J. In this action of tort, the plaintiff seeks to recover from the defendant Josephson and his employer, Sherin Motors, Inc., for damage to his automobile, allegedly caused by the negligence of Josephson.

On October 6, 1950, the plaintiff drove his automobile to the garage of Sherin Motors, Inc. to have its radiator repaired. It was raining, at the time, and Josephson, the garage foreman, drove the plaintiff in said automobile to his place of employment, and then proceeded to drive the automobile back to the garage, to make the necessary repairs.

At the intersection of Dana Street and Massachusetts Avenue, in Cambridge, in said County, the plaintiff's automobile, driven by Josephson on the way to the garage, was in collision with another automobile, driven by one Marsh, and plaintiff's automobile was thereby damaged.

Josephson, and another witness, gave testimony that he entered the intersection from Dana Street at a speed of not more than eight miles an hour, and that he was in the intersection before the Marsh car entered it.

Marsh testified that he was proceeding on Massachusetts Avenue, at a rate of speed of twenty miles an hour and going ten to twelve miles an hour at the time he entered the intersection. He saw the Gomes car when it was one hundred and fifty feet back from the point of collision. He then placed his car at a point one hundred feet from the point of the accident. He did not again see the Gomes car until it was in front of him, and that he

applied his brakes just an instant before the accident. Marsh further testified that, just before the accident, his car was to the left of the center of Massachusetts Avenue, and that he placed his left hand fender four feet from the left hand curb, immediately following the accident, and before his car was moved.

There was a finding for the defendants.

The plaintiff filed the following requests for rulings:

"1. That on all the evidence and law, the Plaintiff is entitled to recover.

2. That the operator of the Plaintiff's automobile was carring out his duty to his employer in rendering service to a customer in connection with a contract to repair the Plaintiff's automobile.

3. That the operator of the Plaintiff's automobile, Charles Josephson, was not the agent, servant or employee of the Plaintiff at the time of the accident.

4. That the defendant, Charles Josephson, operated the Plaintiff's automobile in a negligent manner in that his speed was greater than 15 miles an hour when he entered the intersection of Dana Street and Massachusetts Avenue in Cambridge.

5. That at the time of the accident, the defendant, Charles Josephson, was the agent, servant, or employee of the Defendant, Sherin Motors, Inc."

The trial judge denied requests numbered 1, 2, 3, and 5, and stated:
"I decline the above requests and find Josephson in operating the car of Gomes was the agent of Gomes."
"No. 4 I find that Josephson operated Gomes car negligently when in a heavy rain he entered Massachusetts Avenue without waiting for Marsh to pass. I do not find that his speed on entering Massachusetts Avenue exceeded 15 miles an hour or that the collision occured on the southwest side of Massachusetts Avenue."

Because the plaintiff claimed to have been aggrieved by the rulings and refusal to rule as requested, the case was reported.

[37]

Without specifications, the plaintiff was not entitled to request numbered 1. Rule 27 of the District Courts.

Request numbered 2 is for a finding of fact, which is not a proper subject for a report. *Perry* vs. *Hanover,* 314 Mass. 167, 169.

The denial of request numbered 4 became immaterial in view of the judge's finding that the speed did not exceed 15 miles an hour.

Requests numbered 3 and 5 were denied and followed by the judge's ruling "that Josephson in operating the car of Gomes was the agent of Gomes." We are of the opinion that this ruling of the judge was prejudicial error.

When Josephson left Gomes at his place of employment and drove away in Gomes' car, it was for the purpose of getting it to the garage, of which he was foreman, to repair it. Under these circumstances, he was not the agent of Gomes in so driving it. He took the automobile into the care and custody of his employer, Sherin Motors, Inc., for repairs, and a bailment was thereby created. *Rourke* vs. *Cadillac Automobile Co.,* 268 Mass. 7, 8; *Nash* vs. *Lang,* 268 Mass. 407, 410.

"The law is established that the bailee, in such circumstances, owes to the bailor the duty to use the degree of care toward the object bailed which a reasonably prudent and careful man would exercise with reference to his own property." *Rourke* vs. *Cadillac Automobile Co., supra.*

The finding for the defendants is to be vacated and a finding entered for the plaintiff and the case remanded to the Trial Court for assessment of damages.

John J. Campbell, for the Plaintiff.

Harold C. Thompson, for the Defendant.