*Southern Division*

## HERBERT WILHELM
### v.
### BOSTON HARBOR MARINA, INC.

*Present*: Nash, P. J., Kalus & Lee, JJ.

Case tried to *Casey, J.* in the District Court of East Norfolk. No. 20824.

*Nash, P. J.* The plaintiff has a finding in the sum of $2,311.90 in this action of contract or tort to recover the fair value of a 16′ outboard motor boat, outboard motor, trailer and accessories which he, as owner, left on the premises of the defendant on or about July 16, 1961, for storage for a period of two months, for a consideration, and which the defendant failed to redeliver to the plaintiff.

All of the evidence in the case comes from the plaintiff (the defendant offered no evidence) and is substantially as follows:

*The plaintiff testified that* on July 16, 1961, he was the owner of a 16′ outboard motor boat, a 35 h.p. Evinrude outboard motor, a boat trailer and accessories for the boat, which were attached to or carried inside the boat under the boat's canvas cover. On that date the plaintiff, seeking a safe place to leave his property, brought the same to the premises of the defendant in Squantum, Massachusetts,

where the defendant operates a marina. He drove into the marina over the only road leading to it. Near the large hanger he met a guard who told him to pull the boat off to the side and see the manager. He went into the office and saw a Mr. Thomas. Mr. Thomas told the plaintiff he would have a safe place to leave his boat. It was agreed that the charge would be $15.00 per month for two months. Plaintiff paid $30.00 and received a receipt dated July 16, 1961, which recited that it was in payment of outside storage from July 16 to September 16, 1961.

*The plaintiff further testified that* Mr. Thomas called the guard and instructed the guard to give plaintiff a spot for his boat. The guard pointed out an area in the parking lot where plaintiff could leave his boat, and also showed plaintiff where he could launch his boat. The designated parking area was in front of the office approximately 40' from the office door.

*Plaintiff further testified that* there was only one road leading in and out of the marina; and that the guard instructed him to obtain a sticker from the Harbor Master to put on the windsheild of his car, to allow him to pass through the "security police". Plaintiff drove the trailer carrying the boat, motor and accessories to the place indicated by the guard and left it there. This was on a Sunday. The next day when plaintiff returned to the marina to go for a ride in the boat, the boat, motor and trailer were missing.

He reported this to an employee of the defendant. Plaintiff and defendant's employee looked around, but could not find the boat. The disappearance of the boat was reported to the Quincy police by an employee of defendant. The police came and made a search for the boat, motor and trailer, without success.

Plaintiff testified that he purchased the boat new in 1957, paying $525, and he purchased the motor new in 1957, paying $725. In addition, plaintiff purchased numerous accessories, some of which were attached to the boat and some of which were loose inside the boat under the boat's canvas cover, the accessories costing a total of $659.45, some of which, such as water skis, were not necessary for the operation of the boat. Plaintiff testified that the fair value of the boat, trailer, motor and accessories on July 16, 1961, was $3,200.

The court found as follows:

"I find that the defendant was a bailee for hire. I find that the defendant was negligent. I find the defendant liable for whatever accessories may be reasonably necessary to operate the boat."

The defendant seasonably filed several requests for rulings, and without stating them in detail the requests raise the following questions of law:

1. Was the evidence sufficient to warrant the trial judge in finding as he did, that the defendant was a bailee for hire?

2. Was the evidence sufficient to warrant the trial judge in finding as he did, that the defendant was negligent?

3. Were the damages awarded excessive, or, in other words, was the plaintiff entitled to recover for certain accessories and equipment, some of which articles were under the boat's canvas cover?

The trial judge was well warranted in finding that the defendant was a bailee for hire. *Doherty v. Ernst,* 284 Mass. 341, 343, 344. It is clear that the defendant had taken into its care and custody for compensation the plaintiff's boat, trailer, and accesories necessary to operate the boat. The evidence clearly negates a finding of license or mere permission to leave the boat on the defendant's marina. The bailee, however, would not become an insurer of the boat, but he would be obligated to use the degree of care that a reasonable careful man would exercise in protecting his property. *Stevens v. Stewart-Warner Corp.,* 223 Mass. 44, 46; *Rourke v. Cadillac Automobile Co. of Boston,* 268 Mass. 7, 8; *D. A. Schulte, Inc. v. North Terminal Garage,* 291 Mass. 251, 256, 257; *Morse v. Homer's, Inc.,* 295 Mass. 606, 608.

The evidence warranted a finding by the trial judge that the loss of the plaintiff's boat was due to the negligence of the defendant. The evidence is positive that the plaintiff left the boat at the defendant's marina, and that the boat was not there when

the plaintiff called for it the next morning. The defendant stated to the plaintiff, or at least implied, that the defendant had a watchman at the marina. There was only one road leading to the marina. It is difficult to see how anyone could come onto the marina and remove the plaintiff's property without notice to the defendant's watchman, and the court could properly draw inference that either the defendant failed to have a watch- the removal of the boat. The court could man on the premises, or if the watchman was there, he was negligent in failing to observe find that the boat was lost because of the negligence of the watchman, the defendant's employee.

It is true, that the burden of proving negligence is on the plaintiff and that burden does not shift, but it seems to us that the law requires that a bailee for hire is bound to offer some explanation and go forward with some evidence, to explain at least, what he was doing with reference to his bailment during the time when the plaintiff's property was taken from the marina, in order to negate his liability. *Cass v. Boston and Lowell Railroad Co.*, 14 Allen 448, 451, 454; *Stevens v. Stewart-Warner Corp.*, 223 Mass. 44, 46; *Sandler v. Commonwealth Station Co.*, 307 Mass. 470, 474 (Car stolen from parking lot); *Rand v. Ed St. Germain, Inc.*, 14 LEGALITE 128.

The bailment covered only the property stored which was brought to the atten-

tion of the defendant. It does not cover all equipment and accessories which may have been covered in the boat and not brought to the defendant's attention. See *Stuart v. Kelley and Son, Inc.*, 331 Mass. 76. In the instant case, however, the trial judge limited the damages to the boat, trailer and accessories, "reasonably necessary to operate the boat" and did not allow recovery for other items which were under cover in the boat. We feel that the trial judge applied the correct principles of law in relation to the damages. *Stevens v. St. Botolph Co.*, 316 Mass. 238, 239, 240; *Greenberg v. Shoppers' Garage, Inc.*, 329 Mass. 31, 34, 35; *King v. Motor Mart Garage Co.*, 336 Mass. 422.

*An order should be entered dismissing the report.*

Francis X. Bellotti, of Quincy, for the Plaintiff.

Rich, May & Bilodeau, of Boston, for the Defendant.