*Northern District*

No. 5810

**A. CARL SCHWARTZ**

v.

**MILLER & SEDDON COMPANY, INC.**

February 7, 1964

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Artesani, J.* in the Third District Court of Eastern Middlesex. No. 3707 of 1962.

*Parker, J.* This is an action of contract or tort in which the plaintiff seeks to recover for damage to his car left with the defendant for repairs and which was subsequently stolen. The answer is a general denial, assumption of risk, and denial of any contract for storage or bailment. The amount of the damage was agreed to be $1126.00.

*There was evidence that* the car was left by the plaintiff with the defendant in order that its air conditioning system be repaired, and when it was so left, the plaintiff was told by the defendant to leave it in the defendant's yard with the keys in it. The plaintiff left the car in the place directed, but failed to leave the key in the car. At closing time of the defendant, its agent attempted to drive the car into its garage, when he found no key in it, and he did not attempt to move the car because it was too heavy to push and the defendant's premises were too rough to

push it. The car was left with the defendant on Wednesday, 6 June 1962, was in the defendant's lot on Friday, 8 June 1962, and was recovered at 4 A.M. Saturday 9 June 1962. The yard was fenced in or blocked by buildings on three sides except one, which one had an opening in its fence for entrance and exit of automobiles which opening was never closed, and it opened on a public street. The defendant kept his delivery trucks in the yard, but put them in his garage after closing time, and the garage was locked for the night.

After hearing the case, the court made the following findings:

"That the key was not left in the car by the plaintiff as he was instructed by the agent of the defendant; that the defendant, through its agent, sought to drive the car into its garage at closing time (Wednesday June 6, 1962); that he then discovered no key in it and could not drive it into the garage; that the plaintiff failed to provide a new key as requested by the defendant; that the defendant did everything a reasonable and prudent person would do; that as a result, control and custody of the car was never given to the defendant".

The court found for the defendant.

The plaintiff properly filed seven requests for rulings, reading as follows:

1. One who accepts custody of a motor vehicle for the purpose of doing repair work, for a consideration, becomes a bailee for hire of that vehicle.

2. A bailee for hire is liable for damage to

bailed property from failure to exercise that degree of care which would reasonably be expected from an ordinarily prudent man in similar circumstances.

3. A bailee for hire of a motor vehicle is obligated to exercise due care in protecting it from being lost or damaged, in order that he might return it to the bailor in as good condition as when received.

4. The evidence *warrants* a finding that the defendant was negligent.

5. The evidence *warrants* a finding that the defendant was a bailee for hire.

6. If the evidence shows a theft of the motor vehicle in question, from the defendant's care and custody, then:

(a) If the theft occurred while the defendant was open for business, a finding is *warranted* that said defendant was negligent in not knowing of the attempt to steal and preventing it.

(b) If the theft occurred when the defendant was closed for business, and no precautions taken for the protection of the plaintiff's vehicle, it *warrants* a finding that the theft was a natural and probable result of negligence for the consequences of which the defendant was responsible.

7. A reasonable inference that the plaintiff's vehicle was stolen from the defendant's custody may be drawn from its unexplained absence.

The court granted all of the plaintiff's requests, but ruled that they were "Immaterial in view of the court's findings".

The plaintiff argues that the court's ruling on his requests was in error, and that the court's ruling that the defendant was not

negligent is not substantiated by any evidence.

The requests for rulings and the court's rulings thereon raise two questions:—

1. Was there a bailment of the motor vehicle in view of the fact that the report shows that the plaintiff did not leave the keys to the car in it as the defendant directed him to?

2. If there was a bailment for hire, was the plaintiff's motor vehicle damaged as a result of the defendant's negligence?

As to the first question, . . . it appears that at the close of business, subsequent to the plaintiff leaving the car, the defendant attempted to drive the car into the garage for the night, but was unable to do so, because the car was locked and the keys were not in it. . . . Because of this failure of the plaintiff to do as requested, the defendant was unable to put the car in a safe place.

A bailment arises out of a contract and there must be an acceptance of the bailed goods.

There was here no acceptance of the goods under a contract of bailment because the plaintiff did not fulfill the terms of the contract by leaving the keys in the car as directed by the defendant. The defendant did not learn that the plaintiff had failed to comply until he tried to move the car. The plaintiff is trying to force a contract upon the defendant when the plaintiff has failed to comply with the terms which the contract imposed upon him and which failure caused

the car to remain in the exposed position, resulting in its taking. The law will not thrust liabilities of a bailee upon a person without his knowledge that the goods are in his possession. In this case, the car was not in his possession, since he could not move it without the keys, which he had requested. *D. A. Shulte, Inc. v. North Terminal Garage Company,* 291 Mass. 251, 256.

Since the judge could have found there was no bailment, we find no error in the rulings made by the court on the plaintiff's requests #1 and #5.

Assuming that there was a bailment, it would have been a bailment for hire. Being a bailment for hire, the defendant is held liable only if his negligence caused the loss of the article bailed, unless the contract calls for a higher standard. He is not an insurer. *Sandler v. Commonwealth Station Co.,* 307 Mass. 470, 471.

The defendant kept his delivery trucks in the yard where the plaintiff left his car and the defendant put his trucks in his garage at closing time and locked his garage for the night. He was prevented from doing this with the plaintiff's car, by the fact that the plaintiff did not leave his keys in his car as directed by the defendant.

A bailee is to exercise the degree of care which under similar circumstances a reasonably careful man would use with reference to his own property. *Rourke v. Cadillac Automobile Co.,* 268 Mass. 7, 8. The burden

of proof is on the plaintiff to establish that
the defendant did not use such care. *Hanna
v. Shaw,* 244 Mass. 57, 60. Whether such care
was exercised is a question of fact. *Greenberg
v. Shoppers' Garage, Inc.,* 329 Mass. 31, 35;
*Southier v. Kaplow,* 330 Mass. 448, 451.

Here, the court could and did find no
negligence in "that the defendant did every-
thing a reasonable and prudent person would
do".

Accordingly, there was no error in the
court's rulings on the plaintiff's requests ##2,
3, 4, and 6 (a) and (b).

Request #7, was immaterial, because the
controlling fact was not whether the car was
stolen, but whether the defendant's negligence
resulted in its damage. See: *Rourke v. Cadillac
Automobile Co.,* 268 Mass. 7; *Greenberg
v. Shoppers' Garage, Inc.* 329 Mass. 31;
*Southier v. Kaplow,* 330 Mass. 448.

There was no error and the report should
be dismissed.

Irving M. Smolker, of Boston, for the Plaintiff.
William F. Callahan, of Boston, for the Defendant.