*Municipal Court of the City of Boston*

No. 420858

JOHN PAPPASTERGION

v.

ROYAL FOOTWEAR, INC.

(October 22—October 28, 1965)

*Present:* Adlow, C. J., Shamon & Glynn, JJ.
Case tried to *Gorrasi, Sp. J.*

*Adlow, C. J.* Action of contract to recover for labor and materials provided in the repair of the defendant's automobile.

*There was evidence that* the plaintiff was employed as foreman in the auto service department of the Brodlieb Motors, Inc.; that in this capacity he made estimates on repair work requested from his employer; that on July 18, 1954 a 1954 Mercury station wagon, owned by the defendant corporation, was towed to the shop of Brodlieb Motors, Inc. for repairs; that the plaintiff estimated the cost of the repairs to be $1,279.43 and negotiated a settlement on this basis with the adjuster of the defendant's insurance company; that the repair work was started on the station wagon early in August of 1954 under the direction of the plaintiff; that on August 4, 1954 Brodlieb Motors, Inc., arranged with the plaintiff to complete the repair job because it had ceased doing work of this sort; that Brodlieb Motors, Inc. permitted the plaintiff to use its shop and tools for the purpose of completing the job, but that the plaintiff purchased and paid for auto parts used for the repairs.

There was further evidence that on August 12, 1954 an assignment of the Brodlieb Motors, Inc. claim against the defendant Royal Footwear, Inc., for work, labor and materials in connection with one 1954 Mercury, was made to the plaintiff. This assignment contained the further proviso that "the said Brodlieb Motors, Inc. is forever to be kept and saved harmless by the said John Pappastergion from all cost or charge hereafter in any way or manner . . . . "

On August 16, 1954 Brodlieb Motors, Inc. made an assignment for the benefit of its creditors. On this date a letter was sent by Brodlieb Motors, Inc. to the defendant advising of the assignment to John Pappastergion "who completed the job and paid for all labor and materials."

At the close of the evidence the defendant requested the court to rule in effect that the action of Brodlieb Motors, Inc. in executing an assignment for the benefit of its creditors on August 16, 1954 amounted to a repudiation and cancellation of its contract with the defendant. The court properly declined to so rule. Actually, the work had been completed and the amount due for the repairs had been assigned to the plaintiff on August 12, 1954 under an arrangement previously made with his employer. It is immaterial to the issue that Brodlieb Motors, Inc. ceased doing repair work on August 4. It continued in business. That it delegated to another a duty which it had undertaken to perform did not extinguish the contract nor terminate Brodlieb's responsibility under it. *Rourke v. Cadillac Automobile Co.*, 268 Mass. 7, 9. See also *Barry v. Duffin*, 290 Mass. 398, 404-405; *Wilson v. A. Berger & Sons*, 20 App. Div. BMC, 106. That Brodlieb Motors, Inc. so regarded its position in the matter is evidenced by inclusion in the assignment of a covenant by Pappastergion to save Brodlieb Motors, Inc. harmless. The situation under review is unlike that in *Boston Ice Co. v.*

*Potter,* 123 Mass. 28, and *N. E. Cabinet Work v. Morris,* 226 Mass. 246.

In the cause in issue a contract for repairs had been made, and the work called for by the contract had been completed. The amount stipulated in advance became due when the work was completed, and the repaired station wagon was delivered to the defendant.

There is no merit to this report. The plaintiff could assert his rights under the assignment in his own name. G. L. c. 231, §5. In the absence of proof that the work was not performed as agreed, it is clear that the agreed repair price was due when the car was accepted by the defendant. *Report dismissed.*

Sydney Berkman and Gerald S. Fogelman, both of Boston, for the Plaintiff.

Aaron Cohen, of Boston, for the Defendant.