*Northern District*

No. 7186

**WILLIAM J. RABOIN, p.p.a., et al**

**v.**

**EUGENE O'CONNOR**

Argued: Dec. 17, 1969   Decided: Jan. 19, 1970

*Present:* Brooks, P.J., Connolly, Parker, J.J. Case tried to *Viola, J.,* in the Third District Court of Eastern Middlesex #3526

*Brooks, P.J. This is an action for personal injuries sustained* by a minor, age 12, and for consequential damages suffered by his father, — resulting from the boy's being bitten by defendant's dog.

The answer is general denial, contributory negligence, assumption of risk and allegations that plaintiff was teasing, tormenting and abusing defendant's dog, also that the boy was a trespasser.

*There was evidence tending to show that* plaintiff and two friends went to the premises of defendant to ask if they could ride his horses. One of the boys had a dollar with which to pay for such a ride. The defendant was not receptive to the idea. The boys arrived outside the gate of defendant's premises where defendant claimed there was a "no trespassing" sign. The boys testified that there was no such sign. A picture introduced in evidence of the location likewise showed no such sign.

The boys apparently waited until defendant

arrived in his automobile, opened the gate and drove into the driveway. He did not close the gate, and the boys walked in about three feet into the driveway to speak with defendant.

The driveway leading to defendant's house was a long one. There was evidence that as defendant and his wife were getting out the car, defendant's German shepherd dog was in the back yard chained to a tree. It was testified by the plaintiff and a companion that when defendant got out of his car he whistled, and the dog came out from behind the house, sat beside his master for a moment, then began to run at the boys who in turn started to run out the driveway.

Plaintiff, encumbered by his bicycle, fell behind the other boys. He tried to keep the bicycle between himself and the dog and "rammed" the bicycle into the dog. The dog, however, ran around the bicycle and bit plaintiff. Plaintiff at this time was near the gate but still in the driveway when he was bitten. Plaintiff testified that at this point defendant said, "That will teach you."

Defendant made the following requests for rulings:

1. The evidence does not warrant a finding for the plaintiff, William J. Raboin.

2. The evidence does not warrant a finding for the plaintiff, William E. Raboin.

3. The evidence does not warrant a finding that the plaintiff, William J. Raboin was

not trespassing on the defendant's premises at the time he was allegedly bitten.

4. The plaintiff has failed to sustain the burden of proof that he was not committing a trespass at the time of the alleged bitting. See G.L. Chapter 140, § 155.

The Court denied defendant's requests. In denying defendant's request #3, the Court found the following facts:

"I find that plaintiff was not a trespasser barred from recovery under the dogbite statute (G.L. c. 140, § 155). The evidence indicates that the 12 year old plaintiff, with two other boys, went to defendant's house in the hope of riding one of his horses. One of the other boys had a dollar to pay for a ride. The boys stood outside the closed gate which did not contain a no trespassing sign. Eventually defendant came along in his automobile, opened the gate and drove into the driveway.

"Thereupon, the boys walked into the driveway and approached the defendant, who whistled and his dog, a large German shepherd, came from the rear of the house to defendant's side. When the dog saw the boys he started to chase them. The dog caught up with the plaintiff, jumped on him and bit him in the genital area. There was no evidence of any activity by defendant to restrain or recall his dog. Defendant did say to plaintiff, 'That will teach you.'"

After trial plaintiffs filed a motion to amend

their declaration and add additional counts alleging knowledge that the dog was a vicious animal. The motion to amend was denied.

Defendant claims to be aggrieved by the denial of the requests for rulings.

The main defense to the plaintiff's action is first, that plaintiff was a trespasser; second, that he was teasing the dog. The defenses are among those listed in the so-called dogbite statute, G.L. c. 140, § 155, the pertinent parts of which are as follows:

> "If any dog shall do any damage to either the body or property of any person, the owner or keeper, or if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. . ."

First, as to trespass, the issue as properly stated in plaintiff's brief, is:

"Whether a minor child enters three feet upon a driveway of another, which does not contain a "no trespassing" sign, who enters only after the property owner enters, who enters only after the property owner opens the gate to the driveway, leaving it open, and who enters to speak with the property owner regarding horseback riding, is a trespasser?"

The law seems to recognize a difference between what it calls technical trespass and what is essentially criminal trespass, which implies criminal intent. Trespass may be civil or criminal in its nature. The old common law action of trespass known as *quare clausum fregit* is now a civil action in tort. Pleadings for this cause of action are found in G.L. c. 231, § 147, (22) and (45).

Criminal trespass such as entry on another's property is found in G.L. c. 266, § 120 as amended by St. 1969, c. 463, § 2:

> "Whoever, without right, enters or remains in or upon the dwelling house, buildings, boats or improved or enclosed land, wharf or pier of another, after having been forbidden so to do by the person who has the lawful control of said premises, either directly or·by notice posted thereon, shall be punished by a fine of not more than one hundred dollars, or by imprisonment for not more than thirty days, or both."

The dogbite statute is obviously civil in character and the trespass therein described is likewise civil in nature, bearing in mind the language referring to "a trespass or other tort".

To prove a trespass, it is necessary to prove a prohibition of entry on the premises. While the owner in this case testified that there

was such a sign, the court found otherwise on what appears to be sufficient evidence.

Courts seem to have regarded situations of the sort presented in this case as entry by license comparable to social calls. The case of *Riley* v. *Harris,* 177 Mass. 163, 164, 165, was a case where plaintiff was approaching defendant's house to make a call on one of defendant's servants, when defendant's dog rushed out and bit plaintiff. The court said:

> "It does not seem to us to need argument that the plaintiff was not a traspasser. 'There are cases ... where the law will imply a license ... from the usages of the community. Thus it has been held that the entry upon another's close, or into his house, at usual and reasonable hours, and in a customary manner, for any of the common purposes of life, cannot be regarded as a trespass.' "

In *Rossi* v. *DelDuca,* 344 Mass. 66, 69, a little girl, being chased by a dog, ran on to defendant's land and was bitten by defendant's dog. The court said:

"We are of opinion, nevertheless, that the jury could have found that the plaintiff was not a trespasser, as that word is used in the statute." (G.L. c. 140, § 155).

Defendant's contention that plaintiff was teasing the dog is based on the boy's testimony that when he was running away from the dog, he not only used his bicycle as a shield, but

also as a spear, in "ramming" the dog. This strategy under the circumstances seems to us quite legitimate, even though unsuccessful. We do not think it can fairly be interpreted as teasing the dog.

We are well aware of the aggravation which the youth of today can be to property holders. We sense that defendant in this instance was for some reason annoyed at the boys' attempt to hire his horse. However, the record before us fails to disclose adequate justification for his permitting, if not encouraging, his dog to attack the plaintiffs with results quite satisfactory to defendant's judging by his comment, "That will teach you." We find no error in the court's denial of defendant's requests for rulings.

*The report is to be dismissed.*

MARCIELLO & MARCIELLO
   of Somerville for plaintiff.
PARKER, COUTLER, DALEY & WHITE
   for defendant.