Kane, J.
A plaintiffs judgment entered in this case, an action under G.Lc. 140, §155, the so-called dog bite statute, which requires a plaintiff to prove that at the time of the biting he was not annoying, tormenting, or abusing the dog.[2] In this appeal, defendants argue that the judge erred in finding that plaintiffs striking of the dog while terminating a dogfight did not amount to abusing the dog.
Teasing, tormenting, or abusing covers “the entire gamut of wrongful acts against dogs.” Kaller v. Duggan, 346 Mass. 270, 273 (1963). Wrongful acts are acts “designed to annoy or irritate the... animal to... which the acts are directed.” Malchanoff v. Truehart, 354 Mass. 118, 123 (1968). Removed from this definition is a striking of a dog which is designed not to irritate or annoy but to prevent the dog from acting in a harmful manner. Ravoin v. O’Connor, 44 Mass. App. Dec. 24, 30-31 (1970). Plaintiff, thus, is required to prove that any striking of adog was not accompanied by an intentto annoy that dog.
This case involves a Falmouth social gathering that brought together plaintiff, defendants, and their two dogs, Fritz (defendants’) and Maxfield (plaintiffs). Fritz, the larger dog, broke out of the house and attacked Maxfield who was on the deck. While other adults and children stood by, plaintiff and defendants rushed in to break up the fight During this time, plaintiff kicked Fritz two or three times, and Fritz then *193 bit the plaintiff in the left calf causing a jagged hole.
Defendants argue that these underlying findings compelled the judge to find that the plaintiff had abused the dog. According to defendants, just as a judge must find abuse where one gratuitously strikes a dog, a judge mustfind abuse where one strikes a dog while terminating a dogfight This argument seemingly implies that, regardless of the circumstances, the striking of a dog in terminating a dogfight constitutes abuse.
We analyze defendants’ claim in light of the recognized principle that “[t]he findings of fact made by a judge in an action at law must be sustained if they can be supported upon any reasonable view of the evidence, including such rational inferences as the evidence warrants.” Proctor v. Owen Motors, Inc., 42 Mass. App. Dec. 80, 86 (1969). Is this, then, a case where the trial judge’s finding lacks a rational basis in the facts? The underlying facts define plaintiffs kicks as intimately associated with efforts to terminate a dogfight No other facts intervene to suggest that the kicks were associated with any preexisting ill will on the part of plaintiff towards Fritz. That leaves the kicks in the context of efforts to terminate a dogfight as the basis for determining if plaintiff’s acts were intended to irritate the dog or were designed to prevent Fritz from causing further harm. It may be suggested that, by kicking Fritz rather than coaxing, pushing, or pulling Fritz away, plaintiff was acting maliciously. It also, though, may be argued that the plaintiff’s use of substantial and penetrating force was a defensive act aimed at quickly and effectively forcing the withdrawal of an acutely aggressive dog. These conflicts in the interpretation of the evidence were resolved by the trial judge in favor of the finding that plaintiff was not abusing Fritz. We do not disturb this finding, as such a resolution of conflicting evidence is reserved to the judge who saw and heard the witnesses.
Report dismissed.

 See Sullivan v. Ward, 304 Mass. 614 (1939).