Aguiar, J.
This appeal raises the issue of whether the plaintiff, on the facts found, was a trespasser barred from recovery under the “dog bite” statute.
We find there was no error.
Jeffrey Jarrett testified that he was a contractor; that he and the defendant were friends; that he had done work for the defendant; that he was presently doing work for the defendant (remodeling the kitchen and repainting the interior of her home); that he had brought the plaintiff, his 14 year old son, to the defendant’s home two months before the incident and that the plaintiff had petted defendant’s dogs at that time including Fannie (the German Shepherd in question); that he and his workmen had been given a key to the defendant’s home and that he had been there at least fifty times prior to June 27,1994, the date of the dog bite.
Jeffrey Jarrett further testified that he called the defendant the night before and told her he would stop by the next morning, to pick up a check and she said that that would be fine; that when he arrived with the plaintiff the gate at the end of the driveway was open; that the gate was there to keep the animals in the yard, that he went to the kitchen to discuss the project with his men and the plaintiff stayed on the porch; that the defendant who was in her upstairs bedroom indicated that she would be right down; and that the next thing he remembered was the plaintiff screaming and running toward him with blood on his face and elbow and hollering, “the dog bit me.”
The defendant testified that she did not know the minor plaintiff would be coming to her home on June 27,1994 nor had she even given him permission to go out onto the back deck before the day of the accident.
Plaintiff testified that while he was on the porch he saw Fannie on the back deck laying down and leashed; that he left the porch and went to Fannie on the back deck and petted her; and that when he got up and started walking back the dog jumped up at him and bit him on the right side of the face. The plaintiff further testified that he did not tease or torment the dog.
Defendant filed a motion to dismiss which was denied by the court.
The court found for the plaintiff in the amount of $12,210 ■with interest and costs.
The defendant argues that the plaintiff was a trespasser at the time of the incident and should be barred from recovery under the statute. Under the statute the plaintiff has the burden of proving that he was not trespassing at the time of the incident. A trespasser is a person who enters on land without privilege to do so; it is one who lacks any right to be on another’s property. Monterosso v. Gaudette, 8 Mass. App. Ct. 93, 99 (1979).
*141 The Court found that the plaintiff was not a trespasser and was not teasing or tormenting the dog.
There was ample evidence for the court to find that the defendant had given Jeffrey Jarrett and anyone accompanying him including the plaintiff implied consent to be on the property and to have free access to the downstairs interior of the house and exterior of the house including the porch and deck.
This was both a business and social relationship between the parties. Jeffrey Jarrett was given a key to the house and he and his men were remodeling the kitchen and painting the interior of the home. There was further evidence that the plaintiff had visited the house before and had petted the dog before in the presence of the defendant. It is certainly reasonable to expect a 14 year old boy to accompany his father to pick up a check and to pet a dog that he had petted before.
The entry onto land of another or onto his or her premises at usual and reasonable hours and in a customary manner for any common purposes of life is not regarded as a trespass. Roboin ppa, et al. v. O’Connor, 44 Mass. App. Dec. 24 (1970).
The findings of fact by the court were not clearly erroneous.
For all of the above reasons, we find there was no error and the appeal is dismissed.